# Smith *v.* Dick.

*Appeal Case from Justice's Court.*

1. *Sufficiency of statement, or complaint.*—In a case commenced in a justice's court, a statement or complaint, claiming "$100 for a mule that plaintiff sold to defendant," shows a substantial cause of action, and is sufficiently definite and certain.

2. *Specification of grounds of demurrer; presumption in favor of judgment.*—When a demurrer is sustained to a plea, but the grounds of demurrer, if any were specified, are not shown by the record, the ruling will be affirmed, if the plea is demurrable for any cause.

3. *Plea to complaint, good only as to one count.*—A plea to the whole complaint, good only as to one of the counts thereof, is demurrable on that account.

4. *Judgment for more than amount claimed.*—If the complaint contains a substantial cause of action, but judgment is rendered for more than the amount claimed in the complaint, with interest thereon, the irregularity not being objected to in the court below, where it might have been remedied (Code, § 2835), it is not available on error.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

There is no bill of exceptions in this case, and the record is very defective. The action was commenced by a summons issued March 9, 1889, by "*J. T. Norman, ex off. J. P.,*" entitled "*N. P. Court, Beat No. 2,*" directed "to any sheriff of Lee county," and commanding him to "summon *A. J. Smith & Co.,* to appear at the next term of the N. P. Court to be held for Beat No. 2," to answer the complaint of C. W. Dick. The accompanying complaint, or statement of the cause of action, entitled *C. W. Dick v. A. J. Smith,* was in these words: "Plaintiff claims of defendant the sum of $100 due by account stated before the commencement of this suit, to-wit, on the —— day of February, 1888. Plaintiff claims of defendant, also, $100 dollars for a mule that plaintiff sold to defendant." The record does not show any of the proceedings had in the justice's court.

In the Circuit Court, on the 7th May, 1890, the defendant filed a demurrer to the complaint, as follows: to the first count, "because it does not aver the date on which the account therein alleged was stated;" and to the second count, (1) "because it fails to aver or show in what manner defendant is liable in the sum claimed for a mule;" (2) "because it fails to aver that plaintiff sold said mule to

defendants for the sum claimed;" (3) "because it does not
show that defendants are liable in the sum claimed for the
mule mentioned in said count." On the same day, the de-
fendant filed several pleas, which, as copied in the transcript,
are numbered 2, 3, 4, 5; and another plea, not numbered,
was filed on the 29th April, 1891, on which day a judgment
was entered as follows: "Plaintiff has leave to amend first
count of complaint, and demurrer to said count overruled;
and defendants demurred to second count of complaint, as
shown by the record, which, being considered by the court,
was overruled. Defendant, by leave of the court, amended
pleas numbered one and four, as shown by the record.
Plaintiff demurred to defendant's plea No. 4 as amended,
which, being considered by the court, was sustained, and
overruled as to the other pleas. Both parties having an-
nounced ready for trial, came a jury," &c., who returned a
verdict for plaintiff, assessing his damages at $124; and the
court rendered judgment for that amount. No other facts
are shown by the record.

The errors assigned are: (1) the overruling of the de-
murrer to the second count of the complaint; (2) the over-
ruling of the demurrer to the fourth plea; (3) the rendition
of judgment for $124.

Jno. M. Chilton, and S. O. Houston, for appellant.

T. L. Kennedy, contra.

WALKER, J.—1. The second count of the complaint fol-
lows substantially one of the Code forms for the common
counts, the claim being for "one hundred dollars for a mule
that plaintiff sold to the defendant." In one of the Code
forms the language is, "for merchandise, goods and chattels
sold by the plaintiff to the defendant," &c.—Code of 1886,
p. 792. "The declaration or statement, in case of appeal
from a justice of the peace, is not subject to the technical
rules of pleading. If it shows in general terms a debt due,
or contract to be performed and a breach, it is sufficient."
1 Brick. Dig., 114, § 77; Western Union Tel. Co. v. Meyer,
61 Ala. 158. Certainly, the second count of the complaint
in this case conformed to this requirement, and the demurrer
thereto was properly overruled.

2-3. The demurrer to the fourth plea is not copied into
the record. When the grounds of the demurrer do not ap-
pear, on the presumption in favor of the ruling of the
primary court, its action in sustaining the demurrer will

[Hendrix v. American Freehold Land Mortgage Co.]

be affirmed, if there be any sufficient cause of demurrer. *Sessions v. Boykin,* 78 Ala. 328. The fourth plea was not an appropriate answer to the whole complaint. It was not so framed as to apply to the cause of action stated in the second count.

4. It is assigned as error that the judgment was for more than the amount claimed in the complaint, with interest thereon. The judgment was for the amount found by the verdict. The objection now urged was not made in the lower court. It can not be made on appeal for the first time. The remedy in such case is by motion for a new trial in the court below, where the error may be cured by a release of the excess, or such other order made as the justice of the case may require. As the complaint contains a substantial cause of action, the judgment can not be set aside for a matter not previously objected to.—Code, § 2835; *Rich v. Thornton,* 65 Ala. 310; *Government Street R. R. Co. v. Hanlon,* 53 Ala. 70.

Affirmed.