(75 South. 890)

SINGLETERRY et al. v. VARNUM.
(4 Div. 664.)

(Supreme Court of Alabama. May 17, 1917.)

1. MORTGAGES ☞86(3)—DURESS — EVIDENCE —SUFFICIENCY.

In a suit to cancel a mortgage on the ground that its execution was obtained by duress, evidence *held* sufficient to warrant con-

clusion that plaintiff executed the mortgage as the result of duress imposed upon him, and not of his free will.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 197, 1364.]

2. CANCELLATION OF INSTRUMENTS ⊂═◡24(2)— CONDITION PRECEDENT.

In a bill to cancel a mortgage on the ground of fraud, restoration or offer to restore an older mortgage received in exchange was not a condition precedent to plaintiff's right of action.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 34–38.]

Appeal from Chancery Court, Houston County; O. S. Lewis, Chancellor.

Bill by J. W. Varnum against W. T. Singleterry and others. Decree for plaintiff, and defendants appeal. Affirmed.

T. M. Espy, of Dothan, for appellants. Lee & Tompkins, of Dothan, for appellee.

McCLELLAN, J. The appellee filed this bill against the appellants to effect the cancellation of an instrument of mortgage upon the ground that its execution by the appellee was obtained by duress. The chancellor granted the relief sought. The appeal presents for review two questions: (a) Whether the whole evidence justified the conclusion that the execution of the paper was the product of duress; and (b) if so, whether the appellee could be awarded the relief desired if it should be found from the evidence that the appellants upon the execution of the instrument sought to be canceled surrendered to the appellee a mortgage which the appellee had theretofore executed and delivered to the appellants, and that the appellee did not or had not restored to the appellants the paper surrendered to appellee as stated.

[1] A careful review of the evidence convinces this court, as it did the chancellor, that the appellee's signature of the instrument sought to be canceled was not the result of the exercise of his free will, but, on the contrary, was the result of duress imposed upon him. The surrounding circumstances, together with the facts and acts fully proven, abundantly sustain that conclusion. Whiddon took out a warrant for appellee charging him with disposing of property on which another had a lien. He delivered the warrant of arrest to the sheriff, and hired an automobile to convey him and the sheriff to appellee's residence, ten miles from Dothan. The sheriff accosted appellee at his barn lot after nightfall, and told him that he had a warrant for him, stating of what offense he was accused, and that the prosecutor, Whiddon, was at the car near by. The conclusion is unescapable that Whiddon's purpose in having the warrant issued and in going to appellee's dwelling was to promote and to effect the adjustment or security of the debt appellee owed him. Consistent with this purpose the appellee was accorded a choice between then and there arranging his indebtedness to Whiddon and accompany the sheriff and Whiddon to Dothan, ten miles away, where he would be permitted to make an appearance bond. His wife was soon to be confined, and he was unwilling to leave her in that condition. The appellee signed and delivered the paper in question to Whiddon. He was not taken to Dothan. He was not required to make an appearance bond. The prosecution on account of which the warrant was issued was abandoned; this, according to the clear effect of the evidence, because it had served the purpose of its institution. The law applicable to this feature of the cause is announced in Hartford Ins. Co. v. Kirkpatrick, 111 Ala. 456, 464–467, 20 South. 651. Duress per minas, as therein defined, was the character and quality of compulsion imposed upon this appellee, which, being shown as it is, required the cancellation of the instrument the execution of which was produced thereby. It was there expressly held, manifesting the choice by this court between two lines of decisions in this country, that the duress through threats of imprisonment that will avoid a contract does not depend upon whether the offense for which threatened prosecution would be instituted had been committed or not, or upon the guilt thereof by the threatened person. The pith of the pertinent doctrine is thus stated at page 467 of 111 Ala., at page 654 of 20 South.:

"It cannot, of course, be said that the fact that a payment or contract is made or induced from a mere fear of imprisonment, if it should not be made, affords any reason for avoiding the payment or contract on the ground of duress. But if the fact that the person making the same is liable to arrest and imprisonment is used as a threat to overcome his will and compel a settlement which he would not have made voluntarily, it will amount to duress. The question in every case is whether his liability to imprisonment was used against him by way of threat to force a settlement. If so, the use was improper and unlawful, and if the threats were such as would naturally overcome the mind and will of an ordinary man, and if they did overcome his will, he may avoid the settlement."

It is a mistake to suppose that the first sentence in the above quotation expresses or was intended to express a thought contradictory of that uttered succeeding it. All that the first sentence purported or purposed to affirm was that "mere fear of imprisonment," unquickened by threats of another, would not constitute duress to the execution of a contract.

Under the definition of arrest and imprisonment approved by this court in Central Ry. Co. v. Carlock, 72 South. 261,[1] it is not clear that the appellee was not subjected to an arrest by the sheriff.

[2] This court has held that the restoration or offer to restore that which has been received by the actor in a bill in equity seeking the rescission and cancellation of a contract for fraud or duress not aggravated is not a condition precedent to relief in equity.

Garner v. Leverett, 32 Ala. 410, 413, 414; Royal v. Goss, 154 Ala. 117, 121, 122, 45 South. 231. At law the rule is different. Rabitte v. A. G. S. Ry. Co., 158 Ala. 431, 47 South. 573. In equity, if a restoration is due to be exacted, the court will generally order it as a condition to the actual efficacy of the relief granted. Authorities supra. Whether the older mortgage was in fact delivered by Whiddon to appellee was a subject of dispute in the evidence. This court is not sufficiently convinced by the evidence that the appellants made the surrender claimed to warrant it in modifying the decree, otherwise free from error, from which the appeal is prosecuted.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.