(76 South. 280)

ARMSTRONG v. WALKER.    (6 Div. 520.)

(Supreme Court of Alabama.    May 17, 1917.)

1. BILLS AND NOTES ⟨key⟩476(1) — PLEA — No
CONSIDERATION.

A plea, reading, "There was no consideration
for the note sued on," is not subject to any pos-
sible ground of demurrer.

[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. § 1519.]

2. BILLS AND NOTES ⟨key⟩473 — PLEAS — BONA
FIDE HOLDER.

In an action on a renewal note, where the
complaint does not disclose that the plaintiff
bank was even a purchaser of defendant's obli-
gation on which the note was based, the suffi-
ciency of the pleas thereto must be determined
without reference to the principles available
where the complaint discloses that plaintiff was
a bona fide holder of the note of which that sued
on is a renewal.

[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 1503–1507, 1555.]

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. BILLS AND NOTES ⬿112—CONSIDERATION —PARTIAL ILLEGALITY.**

In view of Code 1907, § 4579, making rebates on contracts of insurance illegal, where a part of the consideration of notes was an unlawful promise to accord the maker such rebate, there was a partial illegality of consideration which rendered the notes void.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 222.]

**4. BILLS AND NOTES ⬿140—CONSIDERATION —PARTIAL ILLEGALITY—EFFECT ON RENEWAL NOTES.**

Where original notes were affected with illegality, their renewal was subject to the same invalidating consequences.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 355–359.]

**5. BILLS AND NOTES ⬿478—DEFENSES—ILLEGALITY OF CONSIDERATION.**

In an action on a renewal note, a plea, alleging that a portion of the consideration for the original note was a promise to give rebates on insurance contracts, in violation of Code 1907, § 4579, was a good defense to the complaint as framed.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1522, 1523.]

**6. BILLS AND NOTES ⬿477—PLEADING—PLEA —SUFFICIENCY.**

In an action on a renewal note, a plea which did not show that defendant had relied or acted upon alleged false statements made by the agent of the payee of the original note was demurrable.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1524, 1525, 1558.]

**7. CORPORATIONS ⬿116—NOTE FOR STOCK— DEFENSES—FALSE REPRESENTATION.**

Statements, made by the agent of an insurance company to induce the execution of notes in payment of corporate stock, that if the subscriber would purchase stock in the company such stock would pay him annual dividends of at least 12 per cent., and that he would not have to actually pay the notes, but that they would be paid from such dividends, was a statement of the opinion of the agent, and not a representation which would be a defense to an action on the notes, or a renewal thereof.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 493, 494, 496.]

**8. BILLS AND NOTES ⬿140 — DEFENSES — FALSE REPRESENTATION.**

In an action on renewal notes, that the agent of an insurance company to which the original notes were payable falsely represented the amount of the capitalization of the company, and defendant relied upon this representation as an inducement to his purchase of stock and execution of the original notes, was a good defense.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 355–359.]

**9. PLEADING ⬿362(5) — STRIKING OUT — AMENDMENT OF PLEA.**

In an action on renewal notes, where a plea as amended could not be read to any intelligent effect because of confusion resulting from inapt description of the place in the original plea at which the amending expressions should be set in, the trial court cannot be put in error for striking it.

**10. NOVATION ⬿6—EXECUTION OF RENEWAL NOTE TO ANOTHER PAYEE.**

Even though there was a change in the name of the payee in renewal notes to plaintiff bank to whom by succession the original indebtedness had become payable, the execution of such renewal note to such payee was not a novation, since the same indebtedness was the basis of the promise executed to such payee; it not appearing that the original indebtedness was extinguished when the renewal note was taken.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 6.]

**11. BILLS AND NOTES ⬿356 — BONA FIDE HOLDER—CERTIFICATE OF DEPOSIT AS CONSIDERATION.**

Where a bank did not pay a certificate of deposit given as consideration for notes, it did not part with value so as to constitute it a bona fide holder.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 908.]

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Action by A. E. Walker, as superintendent, against J. I. Armstrong. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Callahan & Harris, of Decatur, for appellant. Eyster & Eyster, of Albany, for appellee.

McCLELLAN, J. The plaintiff, appellee, sued the defendant, appellant, on a promissory note executed by the defendant to the German Bank of Cullman; that bank having failed, and its affairs having passed into the hands of the plaintiff for administration.

[1] The defendant filed a number of pleas, among which was plea No. 2, reading: "There was no consideration for the note sued on." No demurrer to this plea appears in the record, but the judgment entry recites that demurrer thereto was sustained. According to the apt authority of Kolsky v. Enslen, 103 Ala. 97, 15 South. 558, Ragsdale v. Gresham, 141 Ala. 308, 37 South. 367, and Milligan v. Pollard, 112 Ala. 465, 20 South. 620, the plea was not subject to any possible ground of demurrer. It was therefore error to sustain demurrer to it. Smith v. Dick, 95 Ala. 311, 10 South. 845.

[2] The complaint does not disclose that the bank was even purchaser of the obligation of the defendant of which that sued on may be said to be a consequence. Hence the sufficiency of the pleas thereto must be determined without reference to principles available where the complaint discloses that the plaintiff was a bona fide holder of the negotiable instrument of which that sued on is a renewal.

[3-5] It is averred, in substance, in plea B, that the note sued on was a renewal of an indebtedness evidenced by notes executed by the defendant to the Southern States Fire & Casualty Insurance Company which were transferred by that company to the German Bank of Cullman; that the consideration of the original notes was the promise of one Tyler who assumed to represent the insurance company, that the company would issue to the defendant shares of its capital stock, and the further promise upon the part of the alleged agent of the insurance company that

the company would thenceforth, and in consideration of the defendant's execution of the original notes for the capital stock, issue to the defendant contracts of insurance with a rebate of 15 per cent. off of its regular premiums charged for such insurance. Rebates of the character described in the plea are forbidden by positive law in this state. Code, § 4579. The plea alleges, as appears, that a part of the consideration for the notes was the unlawful promise to accord the defendant a forbidden rebate. According to the allegations of the plea, the consideration for the original notes was affected with a partial illegality; and, if so, operated to render the contract void. Wadsworth v. Dunnam, 117 Ala. 661, 23 South. 699. If the original notes were so affected with illegality their renewal was subject to the same invalidating consequences. Ala. Nat. Bank v. Halsey, 109 Ala. 196, 208, 19 South. 522. This plea presented a good defense to the complaint as framed, and the demurrer to it should not have been sustained.

[6, 7] In plea D it was averred that the note sued on is for the renewal of an indebtedness evidenced by two original notes executed by the defendant to the Southern States Fire & Casualty Insurance Company and transferred by that company to the German Bank of Cullman; that the execution of said original notes was induced by the false and fraudulent representations of one Tyler, who purported to represent the company; that Tyler represented to the defendant that, if he would purchase stock in the insurance company, the said stock would pay him annual dividends of at least 12 per cent., and that thereafter as such stockholder the defendant could procure insurance in said company at a reduction of 15 per cent. under its regular rates of insurance; that the defendant would not have to actually pay said notes for the stock, but that the notes would be paid from the dividends accruing to the defendant thereon; that the representations were false; that the insurance company soon thereafter ceased to be a going concern; that the stock paid no dividends; that the defendant was unable to obtain insurance at a reduction except on one occasion; and that no part of said notes was paid by any dividend. This plea possesses these, if not other, faults: (a) It does not appear that the defendant had relied or acted upon the alleged false statements attributed to the company's agent; (b) that the statements as to the dividends were anything more than the opinion of Tyler. The demurrer to plea D was sustained without error.

[8, 9] It is manifest that plea C, as amended, cannot be read to any intelligent effect because of the confusion resulting from the doubtless inapt description of the place in the original plea at which the amending expressions should be set in. If the agent of the insurance company falsely represented the amount of the capitalization of the company, and the defendant relied upon this representation as an inducement to his purchase of the stock and execution of the original notes, that would have been a good defense to the complaint as framed; but, in the confused and contradictory state in which the amendment left plea C, the court cannot be put in error for striking it.

[10] It is suggested in the brief for appellee that a novation was wrought by the act of the defendant's giving, and the bank's receiving, a note payable to the bank, instead of to the insurance company for the same debt for which the original notes were given by the defendant to the insurance company. The statement of the proposition itself negatives the idea of a novation, even though there was a change in the name of the payee to whom, by succession, the original indebtedness had already come to be payable; because the same indebtedness was a basis of the promise executed to the bank, it not appearing that the original indebtedness was extinguished when the note to the bank was taken. 29 Cyc. p. 1133.

[11] According to the evidence, the German Bank gave the insurance company certificate of deposit for the notes of the defendant. It does not appear from the evidence that this certificate of deposit was ever paid. If no part of the deposit attested by the certificate has ever been paid, then the bank did not part with value so as to constitute it a bona fide holder. Sherill v. Merchants' Bank, 195 Ala. 175, 70 South. 723, 725; Ala. Groc. Co. v. First Nat. Bank, 158 Ala. 143, 48 South. 340, 132 Am. St. Rep. 18.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.