FARMERS' & MERCHANTS' BANK OF WELLSBURG, IOWA, Respondent, v. NISSEN, Appellant.

(190 N. W. 1014.)

(File No. 5027.   Opinion filed December 12, 1922.)

1. **Bills and Notes—Consideration—Acceptance—Banks and Banking—Negotiable Instruments—Knowledge—Plaintiff Bank, Deducting Price of Trade Acceptance from Balance Due It by Seller Bank, Held Giving Value.**

Where plaintiff bank purchased a trade acceptance from another bank in which it had a balance and the latter bank deducted the price from plaintiff's balance, plaintiff took the acceptance for value within Rev. Code 1919, Secs. 1756, 1758, defining a holder in due course.

2. **Bills and Notes—Knowledge—Notice that Collateral Executory Agreement Was Consideration for Acceptance Held Not to Constitute Notice of Infirmity.**

The fact that purchaser of a trade acceptance had notice that acceptor executed the acceptance for tractors to be delivered, and acceptor stated that he would not pay unless the tractors were delivered, held not to constitute notice of infirmity.

3. **Bills and Notes—Negotiable Instruments—Evidence—Holder in Due Course—Evidence of Payee's Agreement Not to Negotiate a Trade Acceptance Is Immaterial.**

As against a holder in due course, evidence of a breach of an agreement by payee not to negotiate a trade acceptance is immaterial.

Appeal from Circuit Court, Brown County; Hon. FRANK ANDERSON, Judge.

Action by the Farmers' & Merchants' Bank of Wellsburg, Iowa, against W. C. Nissen. From a judgment entered on a directed verdict for plaintiff and an order denying a new trial, defendant appeals. Judgment and order affirmed.

*Frank McNulty,* of Aberdeen, for Appellant.

*Campbell & Fletcher,* of Aberdeen, for Respondent.

(1)   To point one of the opinion, Appellant cited:   Peoples State Bank v. Miller, 185 Mich. 565, 152 N. W. 257; Citizens State Bank v. Cowles, 182 N. Y. 346, 72 N. W. 33; Manufacturer's Nat. Bank v. Newell, 71 wis. 309, 37 N. W. 420; Hodge v. Smith, 130 Wis. 326, 110 N. W. 192; Sec. 1758, Code 1919.

(2)   To point two, Respondent cited:   8 C. J. 509, Sec. 718; 3 R. C. L. 1067; Jennings v. Hodd (Miss.), 40 Am. St. Rep. 373; Producers Nat. Bank v. Elrod (Okla.), 173 Pac. 695; Davis v. McCready, 17 N. W. 320, 72 Am. Dec. 461.

GATES, P. J.   On May 27, 1918, the Interstate Tractor Company drew its bill of exchange on defendant, payable October 1, 1918, for $2,500, in consideration of two tractors to be thereafter delivered. The defendant accepted the draft on May 27, 1918. This trade acceptance was negotiated to plaintiff on June 15, 1918, for face value less a discount of $28, by the Black Hawk National Bank of Waterloo or by its president. At maturity defendant refused to pay. Action was brought thereon, which resulted in a directed verdict for plaintiff. From the judgment and an order denying new trial, defendant appeals.

The sole question presented by the assignments of error and argued by appellant is whether respondent was a holder of the trade acceptance in due course. Rev. Code 1919, § 1756. It is conceded that the bill of exchange was complete and regular on its face. It is uncontradicted that respondent became the owner of it before it was overdue. It is not claimed that it had been dishonored at the time of respondent's purchase. It is, however, contended by appellant:   (a) That respondent did not take it in good faith and for value; and (b) that at the time it was negotiated respondent had notice of an infirmity in the instrument.

[1]   In support of the first contention, appellant says that no money was paid by respondent therefor and that under Rev. Code 1919, § 1758, it was not a holder in due course. The cir-

cumstances of the payment were these: Respondent at all times kept a deposit in the Black Hawk National Bank. When this trade acceptance was sold to respondent the Black Hawk Bank debited respondent's account in the amount of the purchase price and notified respondent thereof. Thereupon respondent credited upon its books its account with the Black Hawk Bank in said sum. We are satisfied that this transaction constituted a payment by respondent to the Black Hawk Bank for this trade acceptance. Respondent's credit balance at the Black Hawk Bank was reduced in the amount of such payment. The cases (Armstrong v. Walker, 200 Ala. 364, 76 South. 280; People's State Bank v. Miller, 185 Mich. 565, 152 N. W. 257; Citizens' State Bank v. Cowles, 180 N. Y. 346, 73 N. E. 33, 105 Am. St. Rep. 765; Manufacturers' National Bank v. Newell, 71 Wis. 309, 37 N. W. 420; Dresser v. R. R. Co., 93 U. S. 92, 23 L. ed. 815; and Hodge v. Smith, 130 Wis. 326; 110 N. W. 192) cited by appellant, have no application to the present situation.

[2] Appellant introduced secondary evidence tending to show that on June 1, 1918 (14 days prior to the purchase of the trade acceptance), he wrote a letter to respondent. We quote appellant's testimony:

"I wrote them this paper was given for tractors that had not been delivered and said that if the tractors were delivered before the paper came due that the acceptance would be paid promptly when due. If they were not delivered the acceptance would not be paid. I told them in that letter that I had not yet received the tractors."

Even if appellant wrote such a letter, and even if respondent received it, it did not constitute notice of an infirmity in the trade acceptance. In Jennings v. Todd, 118 Mo. 296, 24 S. W. 148, 40 Am. St. Rep. 373, the court said:

"We think, however, that no well-considered case can be found in which a collateral contemporaneous agreement providing that the note should not be paid in the event that an executory contract, which was the consideration of the note, should not be performed, has been allowed to defeat the negotiability of the note in the hands of an indorsee, though he had notice of such agreement. A great part of the improvement of the country, and of business generally, is carried on with money raised by the

discount of notes given upon executory contracts, and if the maker could be allowed to defend against such notes, in case of a breach of contract, on the ground that the indorsee, though in other respects bona fide, had knowledge of the transaction out of which the note grew, all confidence in such notes as negotiable paper would be destroyed and such business would be paralyzed. By making and delivering a negotiable note, the maker is held to intend that it may be put in circulation and that no defenses against it exist. In purchasing such note no inquiry as to the consideration is required. If a failure of consideration occur, the maker must look to the payee for indemnity."

In Davis v. McCready, 17 N. Y. 230, 72 Am. Dec. 461, the court said:

"As they gave their acceptance upon time, which they knew might be transferred to a bona fide holder the next day, so it is presumed they would have parted with their money upon the personal engagement of the vendors if a delay in payment had not been material to them. It would not, in my opinion, alter the case if it could be shown that the vendors, the payees of the bill, had broken their contract respecting the repairs before they negotiated the paper to the plaintiffs, it being found that the latter had no notice of the breach. The plaintiffs were not bound to follow up the transactions between the original parties to the bill. To hold otherwise would attach an inconvenient and repugnant condition to such an acceptance. By accepting simply and unconditionally a negotiable bill, the defendants are to be held as intending to give it all the qualities of commercial paper, one of which is that it shall circulate freely for the purposes of business, and be available in the hands of any holder for value. To decide that one who proposed to purchase it, and who had a knowledge of the nature of the transaction upon which it was given, must await the consummation of that transaction would essentially impair its character and legal effect."

See also, 3 R. C. L. 1067, § 273; 8 C. J. 509, § 718.

[3] Appellant further testified that at the time he accepted said bill of exchange it was agreed that it should not be negotiated. Appellant does not claim that he notified respondent of such agreement, and respondent being a holder in due course, such testimony was irrelevant.

Finding no error in the record, the judgment and order appealed from are affirmed.

ANDERSON, J., not sitting.

Note—Reported in 190 N. W. 1014. See American Key-Numbered Digest, (1) Bills and Notes, Key-No. 353, 8 C. J. Secs. 688, 689; (2) Bills and Notes, Key-No. 343, 8 C. J. Sec. 718; 3 R. C. L. 1067; (3) Bills and Notes, Key-No. 380, 8 C. J. Sec. 1026.