(96 South. 896)

**THOMAS v. LITTLE et al.** (7 Div. 352.)

(Supreme Court of Alabama. June 7, 1923.)

**1. Contracts ⬅️138(1)—Contract on illegal consideration unenforceable.**

Where a contract is illegal or is a part of a transaction prohibited by law, it is void and unenforceable.

**2. Contracts ⬅️136—Contract collateral only to unlawful purpose not invalid.**

Where a contract is only remotely connected with an unlawful transaction and rests on an independent legal consideration and plaintiff can establish his case without relying on the unlawful transaction, the contract is valid.

**3. Vendor and purchaser ⬅️39—Contract to purchase house held only collateral to illegal contract for sale of liquor held valid.**

Where a contract to purchase a house was based on a legal consideration, was not immediately connected with an agreement between the parties as to the illegal sale of liquor, but was only collateral and incidental thereto, the contract was valid.

**4. Ejectment ⬅️9(3)—Purchase-money mortgage will not prevail against outstanding legal title.**

In ejectment legal title must prevail, and a purchase-money mortgage will not prevail over outstanding legal title.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action in ejectment by J. A. Thomas against E. H. Little and Mary K. Little. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

O. B. Roper and Culli & Hunt, all of Gadsden, for appellant.

The mortgage to secure purchase money is superior to all other claims. 2 Devlin, 1171; Eslava v. Lepretre, 21 Ala. 504, 56 Am. Dec. 266; 27 Cyc. 1149. It was error to admit evidence with respect to Little's whisky transactions with Hagin. Fidelity Mutual Co. v. Satterfield, 162 Ala. 293, 50 South. 132.

J. M. Miller and Alto V. Lee, both of Gadsden, for appellees.

If a part of the consideration of a note involves the violation of a penal statute, no recovery can be had thereon. Long v. Holley, 177 Ala. 508, 58 South. 254.

GARDNER, J. Suit in ejectment by appellant against appellees.

Plaintiff offered proof that one W. A. Bell was in possession of the lot, the subject-matter of this suit, prior to January 1, 1916, and a deed from said Bell and wife of that date to J. T. Hagin. Plaintiff also introduced a mortgage signed by E. H. Little and wife, Mary K. Little, defendants in this suit, to said J. T. Hagin, a foreclosure deed to the appellant as a purchaser at the foreclosure sale, and, also, a quitclaim deed from said Hagin to plaintiff bearing date April 16, 1918.

The defendants interposed the defense that the mortgage debt had been paid, and the further defense that at the time of the purchase of this property by defendant E. H. Little, he and J. T. Hagin were engaged in the violation of the prohibition laws of this state, operating a pool room some 300 feet from the house and lot here in question. The defendants also insisted that the deed executed by J. T. Hagin to E. H. Little, which was never recorded and was either lost or destroyed, was in fact made to both E. H. Little and his wife, Mary K. Little, and that plaintiff could in no event recover the one-half interest of said Mary K. Little.

Upon the instructions of the court, the issues of fact presented by these several defenses were submitted for the determination of the jury, resulting in a verdict in favor of the defendants.

It is urged by counsel for appellant that the court committed error in permitting the defense as shown by rulings on evidence, as well as exceptions to the oral charge of the court, that the mortgage of the defendants to J. T. Hagin was void as in violation of the prohibition laws of this state. The defendant E. H. Little is a nephew of J. T. Hagin; and the jury could infer from the evidence that Hagin induced Little to come to Alabama City, assisted him in procuring a pool room to operate, and sold him liquors with a knowledge of the fact that Little was to resell the same in violation of the laws of this state, and that such was done with Hagin's knowledge. These arrangements were made, and the pool room was in operation some two or three months prior to the transaction out of which arose the execution of the mortgage. Little was renting a house for himself and wife, and Hagin offered to purchase the lot here in question and build a house thereon, and sell the same to Little for what it cost him. This was done, Hagin purchasing the lot from W. A. Bell, and the cost of construction added to the purchase price amounted to $2,300. The evidence for the plaintiff tends to show that the deed was executed to E. H. Little alone, while defendants insist it was made to E. H. Little and Mary K. Little jointly. None of the purchase price was paid, but several purchase-money notes were executed, and mortgage given signed by E. H. Little and Mary K. Little to secure the purchase money. Little testified that at the time of the execution of this mortgage Hagin understood that he was to be paid from the proceeds arising from the sale of whisky, the agreement being between himself and Hagin that he was to pay as he sold "the liquor."

[1] The defendants rely upon the principle, as sustained by the authorities, that where the consideration is illegal, or is a part of a transaction prohibited by law, the contract is void and unenforceable, citing Long v. Holley, 177 Ala. 508, 58 South. 254; Wadsworth v. Dunnam, 117 Ala. 668, 23 South. 699; Armstrong v. Walker, 200 Ala. 366, 76 South. 280.

[2] It is to be noted, however, that the purchase and sale of this house and lot, to be used by Little and wife as a home, took place some time subsequent to any unlawful arrangement concerning the traffic in prohibited liquors. Upon the question here presented, much may be written and many authorities cited, but we are persuaded that the facts in the instant case come within the rule noted in 3 Williston on Contracts, § 1752, as follows:

"Where the contract is merely collaterally connected with an unlawful purpose or act, the rule generally adopted is that where the contract is only remotely connected with an unlawful transaction and rests upon an independent and legal consideration, and the plaintiff can establish his case without relying upon the unlawful transaction, the contract is valid."

The author cites cases to the effect that an insurance contract is not invalidated for the reason the property insured is used for an illegal purpose, as where a stock of liquor kept for unlawful sale is insured. He notes the leading case of Armstrong v. Toler, 11 Wheat. 258, 6 L. Ed. 468, which latter authority was cited with approval by this court in Ingersoll v. Campbell, 46 Ala. 282, and by the Court of Appeals in Pride v. Ins. Co., 9 Ala. App. 334, 63 South. 803. The principle was given application by the Supreme Court of Massachusetts in Graves v. Johnson, 179

Mass. 53, 60 N. E. 383, 88 Am. St. Rep. 355, and by the Mississippi court in Conithan v. Royal Ins. Co., 91 Miss. 386, 45 South. 361, 124 Am. St. Rep. 701, 15 Ann. Cas. 539. See, also, Erb v. German-Am. Ins. Co., 98 Iowa, 606, 67 N. W. 583, 40 L. R. A. 845; Mechanics' Ins. Co. v. Hoover Dist. Co., 182 Fed. 590, 105 C. C. A. 128, 31 L. R. A. (N. S.) 873.

[3] The transaction of purchase and sale of the house and lot here in question was based upon a legal consideration. It was not immediately connected with any illegal sale of liquor, but was only collateral and incidental thereto. Numerous illustrations are found in the leading case of Armstrong v. Toler, supra, and will be noted in the decisions of the various courts cited in Williston on Contracts, to which we have referred above.

The rule itself is well understood, the difficulty lying only in the application of the rule to the particular facts. As said by Chief Justice Marshall in the Armstrong Case, supra, speaking to the principle that no action could be maintained on a contract, the consideration of which is either wicked in itself or prohibited by law:

"How far this principle is to affect subsequent or collateral contracts, the direct and immediate consideration of which is not immoral or illegal, is a question of considerable intricacy, on which many controversies have arisen, and many decisions have been made."

In Mechanics' Ins. Co. v. Hoover Dist. Co., supra, it was held that the mere fact of an agreement, the consideration and performance of which were lawful, but which incidentally assists one in evading a law or public policy, is no bar to its enforcement. To note the many illustrations and to discuss the application of the rule to various cases would extend this opinion to undue length and, indeed, would serve no useful purpose.

Suffice it to say that we are persuaded upon the undisputed facts in regard to the purchase and sale of the house and lot here in question, the principle invoked by the defendants in this cause was without application, and that the case comes within the influence of those decisions construing the contract as merely collaterally connected with an unlawful purpose.

The assignments of error raising the questions as to this phase of the defense are well taken, and the rulings of the court thereon must work a reversal of the cause.

We have previously referred to the fact that the defendants contended that the deed by Hagin was executed to E. H. Little and Mary K. Little jointly, and the evidence for the defendants further tends to show that the notes secured by the mortgage were executed by E. H. Little alone, and that the mortgage only conveyed his interest as Mary K. Little was not a party thereto; her name nowhere appearing in the body of the instrument. Brown v. O'Byrne, 153 Ala. 621, 45 South. 129, 127 Am. St. Rep. 77. In this latter case the court said:

"It is too well settled in this state to admit of controversy that where an instrument in writing purports on its face to be made by certain parties named therein, and the signature of a party not named therein appears to the instrument, it is not the deed or contract of said last-named party, and parol testimony is not admissible to show that he intended to bind himself thereby."

[4] If the evidence of the defendant is to be accepted, Mary K. Little acquired a half undivided interest in the house and lot conveyed by Hagin, and was not bound by the mortgage executed by E. H. Little. Counsel for appellant seek to avoid this defense upon the theory that the mortgage was a purchase-money mortgage, executed contemporaneously with the execution of the deed, and has preference over any claim of Mary K. Little. This principle is well stated in 2 Devlin on Deeds, § 643, and many authorities cited in the note. Such purchase-money mortgage is entitled to preference over judgments and other debts of the mortgagor so far as the land thus purchased and mortgaged is concerned, and also prevails as to homestead exemption, and has been held to be paramount to the dower right of the wife; but we are cited to no authority where, in an action of ejectment, it would prevail over an outstanding legal title. In suits of this character the legal title must prevail. We are therefore of the opinion that this principle is without application to the facts here presented, and that the court committed no error in its instructions in regard to this defense.

The question of payment was properly submitted to the jury, and we find no error in this respect.

For the errors indicated upon the defense of the illegality of the contract, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.