WALTER E. HELLER AND ANOTHER v. SARAH E. CUDDY.[1]

July 8, 1927.

No. 26,108.

**Defense made to action on trade acceptances inapplicable in this case.**

1. "Trick or artifice" inducing the execution of a negotiable instrument, within the meaning of G. S. 1923, § 7247, must deceive "as to the nature and terms of the contract so signed." The defense *held* without merit here because of the affirmance by the signer after knowledge of the precise character of the instruments in question.

**Negotiability of instrument not affected by reference to transaction which gives rise to it.**

2. Under G. S. 1923, § 7046 (N. I. L. § 3), "a statement of the transaction which gives rise to the instrument," contained in an instrument otherwise negotiable, does not render the promise to pay conditional and so destroy negotiability, and, standing alone, does not put the purchaser upon inquiry concerning the terms or status of the underlying contract.

[1]Reported in 214 N. W. 924.

**Proof of purchase not weakened by failure to produce canceled check.**
3. The proof that plaintiffs purchased a negotiable instrument, paid by check, and that the check was charged to their account by the bank upon which it was drawn, is not rendered inconclusive, no discrediting circumstances appearing, merely by reason of the fact that the canceled check was not produced and offered in evidence.

Bills and Notes, 8 C. J. p. 120 n. 55; p. 519 n. 61; p. 781 n. 35; p. 783 n. 54; p. 1056 n. 98; p. 1057 n. 1.
Pleading, 31 Cyc. p. 50 n. 69.

See note in 29 L.R.A.(N.S.) 351; 44 L.R.A.(N.S.) 395; L. R. A. 1918F, 1148; 3 R. C. L. 1073; 1 R. C. L. Supp. 973; 4 R. C. L. Supp. 234; 6 R. C. L. Supp. 219.

Plaintiffs appealed from an order of the district court for Blue Earth county, Comstock, J., denying their alternative motion for judgment or a new trial. Reversed and remanded.

*Horace W. Roberts,* for appellants.

*C. J. Laurisch,* for respondent.

STONE, J.

Pending this action, the defendant, John L. Cuddy, departed this life and his administratrix has been substituted in his place. The suit is by indorsees against the acceptor of three trade acceptances. After verdict for defendant, plaintiffs appeal from an order denying their alternative motion for judgment notwithstanding the verdict or a new trial.

The acceptances were given by Mr. Cuddy August 25, 1924, to and in favor of Aristocrat Manufacturing & Distributing Company of Chicago. They evidence Mr. Cuddy's obligation to pay for certain washing machines purchased from the Aristocrat company. They were indorsed before maturity to plaintiffs, and, according to their unquestioned proof, they paid for them face value less 5 per cent. There is not the slightest suggestion in contradiction of the testimony for plaintiffs that their purchase and payment were made in good faith, the usual course of business, and without notice of the transaction out of which they grew other than the notation

appearing on the face of the instruments which will be referred to later.

1. One defense pleaded is that the signature of the acceptor was procured "through fraud, deceit, trick and artifice," and that Mr. Cuddy "did not sign said certificates knowing or believing them to be instruments negotiable under the law merchant and was not guilty of negligence at the time when his signature was procured." That averment is obviously defective because one of mere conclusion. Aside from that, it does not go to the extent required by the statute, G. S. 1923, § 7247, which, in order to raise the jury question contemplated, requires "fraudulent representation, trick, or artifice as to the nature and terms of the contract," as well as a belief by the signer that "he did not believe it to be a bill of exchange, promissory note, or other paper negotiable under the law merchant," and absence of negligence on his part. But we pass all that, and going to the record find that the only evidence in support of the defense is a naked assertion by a witness for defendant that in the negotiations for the sale of the machines a representative of the vendor had said to Mr. Cuddy, "There was nothing to be paid on those machines until after the campaign was completed. After they completed the campaign then what machines was sold was the only ones he was to settle for. The unsold machines to be returned." That has so little tendency to prove "trick or artifice" within the meaning of the statute that no comment is necessary. But, again going to the evidence, we find in the record letters from the Cuddy Plumbing & Heating Company (under which name the deceased defendant transacted his business) indicating a complete affirmance by him of the entire transaction long after he knew precisely what he had signed. His letter of October 18, 1924, concludes with this statement: "Your trade acceptance will become due before long and I expect you to be on the ground before I take any of them up."

2. Each of the acceptances contained this statement: "The obligation of the acceptor hereof arises out of the purchase of goods from the drawer, maturity being in conformity with original terms

of purchase." By reason of G. S. 1923, § 7046 (N. I. L. §3), the promise of a negotiable instrument is not made conditional and its negotiability is not destroyed by "a statement of the transaction which gives rise to the instrument." Such a statement is all that was incorporated in these acceptances. So there is no ground for the contention that this statement in the acceptances put the plaintiffs upon inquiry concerning the terms of the underlying contract of purchase or its status at the time being with respect to performance or breach by the parties thereto. The situation is very different from that presented by an instrument which by reference makes another and underlying contract a part of itself and so becomes subject to its terms. That was the case in King Cattle Co. v. Joseph, 158 Minn. 481, 198 N. W. 798, 199 N. W. 437.

3. The proof in support of plaintiffs' claim that they are holders in due course is satisfactory, complete, and convincing. The one argument contra, not already disposed of, is that the check which they gave in payment for the acceptances was not introduced in evidence and in that manner shown to have been paid by the bank upon which it was drawn. That argument is inexcusably blind to the proof concerning the purchase and the undisputed statement in that connection that the check was cashed by the Aristocrat company and the amount deducted "from our paper in the bank." Whether the witness meant "account" when he said "paper" does not appear and is immaterial, for it does appear clearly that the check was charged to the drawer by the drawee bank.

We do not overlook the fact that the Aristocrat company may have been guilty of a breach of its contract with Mr. Cuddy. If such a breach occurred, it was subsequent to the purchase of the acceptances by plaintiffs. In any event, the latter had no notice thereof. The breach, therefore, if any, could be no defense under the familiar rule of State Bank of Swea City v. Lovrenz, 163 Minn. 18, 203 N. W. 427, and the other cases there cited.

There being in neither record nor argument even the suggestion of a defense, the order appealed from must be reversed and the case remanded with directions for the entry of judgment for plaintiffs.

So ordered.