MERCANTILE PROTECTIVE BUREAU, a Corporation, Respondent, v. FRANK SPECHT, Joseph Specht, and Sebastian Keller, Co-partners Doing Business under the Firm Name and Style of Wellsburg Supply Store, Appellants.

(225 N. W. 794.)

240

Opinion filed June 5, 1929.

*Joseph J. Habiger*, for appellant.

*Aloys Warlner*, for respondent.

BIRDZELL, J. This is an action brought by the plaintiff as holder of the following trade acceptance:

"Trade Acceptance

"$285.00                                                    April 27, 1927.

"Sixty days after date pay to the order of Farmers & Ranchers; Stock Salt Co., Inc. Omaha, Nebr. Two Hundred and Eighty-five Dollars. The obligation of the acceptor hereof arises out of the pur-chase of goods from the drawer.

"To Wellsburg Supply Store, Wellsburg, No. Dak.

"Farmers & Ranchers Stock Salt Co., Inc.

"By E. M. Bechtelheimer Pres. & Treas."

The above instrument bore upon its face an acceptance as follows:

"Accepted April 27, 1927. Bank Farmers State Bank. Location of Wellsburg, N. D. Acceptor Wellsburg Supply Store. By Frank Specht."

On the back was placed the blank endorsement of the payee.

At the trial it appeared that the defendant acceptor, soon after the acceptance of the instrument, cancelled the order for the goods for which it had been issued. The court ruled that the instrument was non-nego-tiable and submitted the issues to the jury on this theory. A verdict was rendered for the defendant. Thereafter the plaintiff moved for judgment non obstante, which motion was granted. The defendant ap-peals from the judgment.

The appellant presents to this court three questions: (1) Is the instrument negotiable? (2) Did the plaintiff prove its title? (3) Does the evidence present a question of fact for the jury as to whether the plaintiff is a holder in due course? These questions will be considered in the order stated.

1. The contention that the instrument is non-negotiable is founded upon the statement "The obligation of the acceptor hereof arises out of the purchase of goods from the drawer." Section 3 of the Negotiable Instruments Act (Comp. Laws 1913, § 6888) reads: "An unqualified order or promise to pay is unconditional within the meaning of this chapter, though coupled with: . . . 2. A statement of the trans-action which gives rise to the instrument. . . ." The appellant ar-gues that the last quoted portion of the trade acceptance in the instant case is more than a statement of the transaction which gives rise to the instrument within the above section, the contention being that it con-tains both a reference to the transaction and an additional expression

showing an intention to qualify the obligation upon the instrument by the terms of the contract of purchase; so that there can be no greater obligation to pay the instrument than there might be to pay the purchase price. Comparison is invited with the case of Fleming v. Sherwood, 24 N. D. 144, 43 L.R.A.(N.S.) 945, 139 N. W. 101, in which it was held that a statement upon a note referring to the payee's ownership of goods on account of which the note was given and to the contract conditions of original sale, with a stipulation that they were not to be affected by the acceptance of the note until the receipt of the full amount, rendered the note non-negotiable. Referring to the statement in the note involved in the Fleming Case, the court said (page 150 of 24 N. D.):

"We have in this case, however, something more than the statement of the transaction. In fact there is no statement of the transaction at all. We have a reference to a transaction and to a contract which may be entirely inconsistent with an unconditional promise to pay, and an express agreement of reservation of ownership, which in itself makes the agreement to pay conditional. The contract disclosed is that of a conditional sale, and not of a security transaction."

In the case at bar there is no stipulation in the bill of exchange with reference to its effect upon the rights of the parties under any other contract. No implication is fairly deducible from the language referring to the transaction that the obligation to pay is to be contingent upon the measure of performance of some other contract. The provisions of the negotiable instruments law above referred to expressly say that an order to pay is unconditional though coupled with a statement of the transaction which gives rise to the instrument, and where such statement, fairly interpreted, does not in itself imply that the instrument is only to be paid upon the full performance of the contract referred to, a court is not at liberty to read such a condition into the instrument. Whenever a transaction that may be referred to in an instrument is executory, a situation might subsequently arise which would enable the maker or acceptor to defend a suit brought by the original payee; but it does not follow that every reference in an instrument to an executory transaction, out of which it arises, qualifies the promise or order to pay. One taking an instrument containing no reference to an executory transaction but nevertheless having knowledge that it

was issued in connection with such a transaction does not hold it subject to a defense arising later. First Nat. Bank v. Wallace, 50 N. D. 330, 196 N. W. 303. If actual knowledge of a transaction by a purchaser does not affect his rights as a holder in due course, it is difficult to see why reference in the instrument to the same transaction should be considered as qualifying the promise or order to pay.

Concerning the rights of endorsees of notes given upon executory contracts to stand in the position of holders in due course notwithstanding their knowledge of the terms of the contract, this court in First Nat. Bank v. Wallace, supra (page 338 of the state reports) said:

"It is apprehended that if the endorsees of notes given upon executory contracts cannot be holders in due course simply because they know the facts and that under such contracts the consideration might wholly or partly fail, business development, that must come if at all, with funds procured through the discount of such paper, will be materially retarded. If conditions occur, subsequent to the execution of the instrument, that give rise to equities in favor of the maker and against the payee, the rule seems to be that the maker's remedy is against the payee. A collateral agreement that a note shall not be paid if an executory contract forming the consideration thereof is not performed, does not affect the rights of an endorsee with notice of the agreement so as to deprive him of the character of a holder in due course, unless a breach of the agreement has occurred and he knows of such breach at the time of his purchase. Jennings v. Todd, 118 Mo. 296, 40 Am. St. Rep. 373, 24 S. W. 148; Miller v. Ottaway, 81 Mich. 196, 8 L.R.A. 428, 21 Am. St. Rep. 513, 45 N. W. 665; McNight v. Parsons, 136 Iowa, 390, 22 L.R.A.(N.S.) 718, 125 Am. St. Rep. 265, 113 N. W. 858, 15 Ann. Cas. 665; Marx v. N. Frey, 137 La. 948, 69 So. 757; Security Trust & Sav. Bank v. Gleichmann, 50 Okla. 441, L.R.A.1915F, 1203, 150 Pac. 908; Moyses v. Bell, 62 Wash. 534, 114 Pac. 193; Hakes v. Thayer, 165 Mich. 478, 131 N. W. 174."

The question involved in the instant case has not heretofore been decided in this jurisdiction. The decisions in those jurisdictions where it has arisen are not harmonious. According to our view, both the better reason and the weight of authority uphold the negotiability of instruments containing recitals similar to that involved here. Mc-

Cornick & Co. v. Gem State Oil & Products Co. 38 Idaho, 470, 34 A.L.R. 867, 222 Pac. 286; Grinnell Sav. Bank v. Gordon, 195 Iowa, 208, 191 N. W. 852; Heller v. Cuddy, 172 Minn. 126, 214 N. W. 924; Farmers' & M. Bank v. Nissen, 46 S. D. 121, 190 N. W. 1014; Wakem v. Schneider, 192 Wis. 528, 213 N. W. 328. This view also, in our opinion, is consonant with former decisions of this court upon analogous questions.

2. There is no merit in the contention that the plaintiff did not prove its title. The record shows that the plaintiff produced the instrument and offered it in evidence "with all of the endorsements thereon;" whereupon the attorney for the defendant stated expressly that there was no objection. This was sufficient proof of title in the absence of an objection which the plaintiff might have obviated by laying an additional foundation.

3. Neither is there merit in the third contention. On the present record there is no conflict in the evidence. The plaintiff proved the purchase of the acceptance before maturity at the full value less a normal discount. There was no notice of any defense nor proof of any circumstance sufficient to put the plaintiff on inquiry. There is nothing to impugn its good faith. See Heller v. Cuddy, 172 Minn. 126, 214 N. W. 924.

The judgment appealed from is affirmed.

BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.