(124 So. 89)

## MAY v. DRAPER. (8 Div. 35.)

Supreme Court of Alabama. Oct. 10, 1929.

Rehearing Denied Nov. 29, 1929.

215

Almon & Almon, of Decatur, for appellant.

S. A. Lynne, of Decatur, for appellee.

GARDNER, J. While under arrest, charged with grand larceny, plaintiff paid to the defendant the money, recovery of which is sought in this action, and, from a verdict and judgment in his favor, defendant appeals.

Upon receipt of the money by defendant and payment of costs and expenses by plaintiff incident to the arrest, he was released. Defendant insists plaintiff's evidence shows an agreement of the parties to compound a felony, and he invokes the principle that the law will leave all who share in the guilt of an illegal transaction where it finds them, and will not lend its aid either to enforce the contract while executory, nor rescind it and recover back the consideration when executed. The principle is well established in this state (Town of Cottonwood v. Austin, 158 Ala. 117, 48 So. 345; General Elec. Co. v. Town of Ft. Deposit, 174 Ala. 179, 56 So. 802; Thomas v. Little, 209 Ala. 590, 96 So. 896; Ellis v. Batson, 177 Ala. 313, 58 So. 193; United States Fid. Co. v. Charles, 131 Ala. 658, 31 So. 558, 57 L. R. A. 212), and recognized as the general rule by the authorities elsewhere (note Bertschinger v. Campbell, L. R. A. 1918C, 73).

This statement of the rule presupposes, however, voluntary action on the part of both parties, and rests upon the assumption that

216

they are equally at fault. The rule is therefore subject to the qualification that, if the payment has been extorted or induced by duress, oppression, or undue influence, it can be recovered back. Note L. R. A. 1918C, page 74, supra; Heckman v. Swartz, 64 Wis. 48, 24 N. W. 473; American Ry. Exp. Co. v. Hicks, 198 Ky. 549, 249 S. W. 342. This qualification of the rule was given recognition by this court in Hartford Fire Ins. Co. v. Kirkpatrick, etc., Co., 111 Ala. 456, 20 So. 651, quoted approvingly in Singleterry v. Varnum, 200 Ala. 142, 75 So. 890.

Plaintiff's evidence tended to show the payment of the money under threat and fear of imprisonment. That the evidence as to the payment under duress was sufficient for submission to the jury is too clear for discussion, and indeed does not appear to be seriously controverted by counsel for appellant.

The trial court in the oral charge very clearly instructed the jury upon the effect of a voluntary payment for suppression of the prosecution as denying to plaintiff a right of recovery, and a payment under duress with a contrary result. Every phase of the law as applicable to the evidence was fully and clearly covered by the oral charge. The greater portion of the assignments of error relate to the refusal of charges requested by defendant. No necessity arises for a treatment of these charges separately. They have been duly read and considered by the court in consultation. For the most part their refusal was justified upon the theory they were misleading in omitting any reference to the question of duress, and, if any were not subject to this or other objection, they were substantially covered by the oral charge.

There was no dispute as to the amount paid by plaintiff to defendant, and the court committed no error in instructing the jury as to the amount of recovery if the verdict should be in favor of the plaintiff. The exception to the oral charge was therefore without merit.

The evidence of defendant tended to show a payment of the money on plaintiff's part as a confession of guilt and to rectify the wrong done in the theft of the cotton. The testimony offered by plaintiff as to the cotton ginned at Somerville and stored at Hartselle tended to sustain his denial of guilt and to refute defendant's theory of the case. There was no error in the admission of this proof.

We find no reversible error in the record. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.