STATE TRADING CORPORATION, Plaintiff, *v.* EDWARD SMALDONE, Defendant.

Supreme Court, Special Term, New York County, March 29, 1938.

*David Geiger* [*Sidney Gollobin* of counsel], for the plaintiff.

*Chacchia, Lynch & Roberts*, for the defendant.

HOFSTADTER, J. The validity of the defenses interposed depends on the nature of the instrument sued upon. If it is negotiable no issue is raised and the plaintiff is entitled to judgment. (See Neg. Inst. Law, § 98; *Abrahamson* v. *Steel*, 176 App. Div. 865.) If the trade acceptance is non-negotiable, the defendant may avail himself of any defense which may have been asserted against the payee.

The trade acceptance, in addition to the usual phraseology, states that " the obligations of the acceptor hereof arise out of the purchase of goods from the drawer, maturity being in conformity with the original terms of purchase."

If this is merely " a statement of the transaction which gives rise to the instrument," its negotiability is not impaired; if it qualifies the promise to pay, the instrument loses its negotiable character. (*Old Colony Trust Co.* v. *Stumpel*, 126 Misc. 375; affd., 219 App. Div. 771.)

There is no case precisely in point in this State. In other jurisdictions the authorities are in conflict in their interpretation of the clause in question. (See *Westlake Mercantile Finance Corp.* v. *Merritt,* 204 Cal. 673; 269 P. 620; *Heller* v. *Cuddy,* 172 Minn. 126; 214 N. W. 924.) The numerous cases touching this subject have been collated. (61 A. L. R. 815 *et seq.*)

The Appellate Division, Fourth Department, in the case of *Coopersmith* v. *Maunz* (227 App. Div. 119) held that a clause which recited that " the obligation of the acceptor hereof, arises out of the purchase of goods from the drawer " did not impair the negotiability of the instrument. It is apparent from the decisions cited in this opinion that the additional phrase respecting maturity present in the instant case would not have called for a different conclusion. The court rejected the case of *Westlake Mercantile Finance Corp.* v. *Merritt* (*supra*), and adopted the reasoning of the decision in *Heller* v. *Cuddy* (*supra*).

I am clear that the weight of both authority and reason is to the effect that the order to pay is unconditional and the instrument negotiable.

The motion is accordingly granted. Settle order.