## State Trading Corporation v. Addis, etc.

*Harry Rosenberg*, for plaintiff.
*Joseph Tritschler*, for defendant.

WILSON, J., March 23, 1939.—The above is an action in assumpsit on an alleged trade acceptance. Plaintiff has moved for judgment for want of a sufficient affidavit of defense, which was duly before the court in banc upon argument c. a. v.

The instrument upon which suit was brought contains the following provision: "The obligation of the acceptor hereof arises out of the purchase of goods from the drawer, maturity being in conformity with original terms of purchase."

Section 3 of the Uniform Negotiable Instruments Law of May 16, 1901, P. L. 194, provides:

"An unqualified order or promise to pay is unconditional, within the meaning of this act, though coupled with. . . .

"2. A statement of the transaction which gives rise to the instrument."

The provision before us was held to be a description of the transaction, not affecting negotiability, in Minne-

sota, in the case of Heller et al. v. Cuddy, 172 Minn. 126, 214 N. W. 924. In Lane Co. v. Crum et al. (Comm. of App. of Tex. 1927), 291 S. W. 1084, the Texas Commission of Appeals adopted the dissenting opinion of Stanford, J., in Crum et al. v. Lane Co. et al. (Court of Civil App. of Tex. 1926), 284 S. W. 980, and held that the provision incorporated the original contract into the acceptance and that it was therefore non-negotiable. Upon the same provision being before the Supreme Court of California in Westlake Mercantile Finance Corp. v. Merritt et al., 204 Cal. 673, 269 Pac. 620, it was there held to render the instrument non-negotiable.

Uniform legislation is not uniform legislation unless it is supported by uniform interpretation. As negotiable instruments are interstate, the same language must hold to the same meaning and effect in all the States. In Pennsylvania, the words " 'Accepted for payment as per . . . contract for amount and date shown hereon,' " were held not to render the instrument non-negotiable: International Finance Corp. v. Philadelphia Wholesale Drug Co., 312 Pa. 280. But the courts of Pennsylvania seem never to have passed on the words "maturity being in conformity with original terms of purchase." "Accepted for payment as per contract," calls for no explanation and is in effect merely a receipt or acknowledgment of value. But "maturity being in conformity with original terms of purchase" cannot be understood and is meaningless without reference to specific provisions of the contract. Plaintiff can only claim the benefits attached to negotiable instruments if he is an innocent holder in due course, for value, and before maturity. Therefore, the provision as to maturity and the terms of the contract must make maturity a matter of the contract, carry the contract into the instrument, render it non-negotiable, and open it to any defense which the acceptor may have against the drawer-payee.