STATE TRADING CORPORATION *v.* HARRY D. ROSEN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 5—decided November 8, 1939.

*William Gitlitz,* with whom was *Herman Levine,* for the appellant (defendant).

*Maxwell H. Goldstein,* for the appellee (plaintiff).

AVERY, J. This action was brought by the indorsee of a trade acceptance against the maker. The facts

were stipulated between the parties, and it was agreed that if the instrument was negotiable the plaintiff was to be regarded as a bona fide holder for value and entitled to recover. If the instrument was not negotiable, judgment should be entered in favor of the defendant. The instrument was in the following form:

"No.                                        Apl. 11, 1938.
   To Carroll Cut Rate (H. D. Rosen)
                    Milford, Conn.
   On July 16, 1938 Pay to the order of Foto-labs, Inc. One hundred ninety-Eight 72/100 . . . Dollars ($198.72/100) Accepted at Milford, Conn. on Apl. 11, 1938
Payable at The Milford Trust Co.
City   Milford   State   Conn.   Foto-labs, Inc.
Firm                   By B. J. Zeeman
By Harry D. Rosen            Treas.

*Trade Acceptance*

The obligation of the acceptor hereof arises out of the purchase of goods from the drawer, maturity being in conformity with the original terms of purchase."

The issue between the parties in this case is whether the instrument is rendered nonnegotiable by the statement appearing upon the bottom that "The obligation of the acceptor hereof arises out of the purchase of goods from the drawer, maturity being in conformity with the original terms of purchase."

The essentials of negotiability, under the Uniform Negotiable Instruments Law, are set forth in General Statutes, § 4318, "An instrument to be negotiable must conform to the following requirements: (1) It must be in writing and signed by the maker or drawer; (2) must contain an unconditional promise or order to pay

a sum certain in money; (3) must be payable on demand, or at a fixed or determinable future time; (4) must be payable to order or to bearer; and (5) where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty"; and General Statutes, § 4320, recites, "An unqualified order or promise to pay is unconditional, within the meaning of this chapter, though coupled with (1) an indication of a particular fund out of which reimbursement is to be made, or a particular account to be debited with the amount, or (2) a statement of the transaction which gives rise to the instrument; but an order or promise to pay out of a particular fund is not unconditional." It is the contention of the plaintiff that the language quoted constitutes no more than a statement of the transaction which gave rise to the instrument. The defendant, on the other hand, contends that the language quoted constitutes a limitation upon the due date, making it necessary to refer to an extrinsic contract in order to determine the time of payment. It is to be noted, in passing, that the statement appears upon the face of the instrument in fine print on the lower right-hand corner beneath the signature of the maker, the size of the type being much smaller than that employed in the body of the instrument.

It is a cardinal principle in the interpretation of uniform laws that the courts of the different jurisdictions should follow the rule of uniformity so as to make their decisions harmonize. In the present case, it is impossible to follow this principle, as the authorities upon the question involved are not in harmony. In *Heller* v. *Cuddy*, 172 Minn. 126, 214 N. W. 924, 925, a trade acceptance containing identical language with the one in suit was held a negotiable instrument. On the other hand, in *Westlake Mercantile Finance Corp.* v. *Merritt,*

204 Cal. 673, 269 Pac. 620, the same language was held to render a trade acceptance nonnegotiable. In *Lane Co. v. Crum* (Tex. Com. App.) 291 S. W. 1084, the Texas Commission of Appeals held that the language in question in an instrument with stated maturities rendered it nonnegotiable. *Lane Co. v. Crum* was followed in *First National Bank v. Power Equipment Co.,* 211 Iowa 153, 233 N. W. 103, 104. The decision in *Heller v. Cuddy* is approved in Brannan, Negotiable Instruments Law (6th Ed.) 158. The cases referred to and many others are discussed in the following notes: 61 A. L. R. 815; 12 Minnesota Law Review, 68; 37 Yale Law Journal, 382; 7 Texas Law Review, 179; 29 Michigan Law Review, 627.

"The reference clause is separate and distinct from the rest of the note. . . . There is nothing to show that it was intended to qualify the promise to pay rather than to explain merely the occasion or the circumstances of its execution. Its detachment, both physically and grammatically, from the essential parts of the note, would seem, however, to invite, as more rational, the conjecture that it was merely an explanation of the note as a whole—a memorandum to identify it by connecting its execution with an existing agreement 'as per,' that is, in accordance with, or pursuant to, which it was made." *Strand Amusement Co. v. Fox,* 205 Ala. 183, 185, 87 So. 332, 334, 14 A. L. R. 1121. In the instant case, the time of payment was stated in the instrument, and, considering that fact and the position of the clause in question upon the face of the instrument, the language is to be construed as a statement of the transaction which gave rise to the instrument and not as a reference to an extrinsic contract affecting the time of payment. It is as though the clause read, "the maturity stated is in conformity with the original

terms of purchase." The instrument was accordingly negotiable.

There is no error.

In this opinion the other judges concurred.