(94 South. 92)

SHEARIN v. PIZITZ. (6 Div. 865.)

(Supreme Court of Alabama. Jan. 12, 1922. Rehearing Granted April 20, 1922. Rehearing Denied Oct. 12, 1922.)

1. Pleading ⬤⟲87—Pleas must traverse or confess and avoid, and confession is as essential as avoidance.

Pleas must either traverse or confess and avoid the matter of the action declared on, and confession is as essential as avoidance.

2. Appeal and error ⬤⟲1040(14) — Error in overruling demurrer to plea in avoidance for illegality of contract held harmless as to plaintiff, defense being provable under general issue.

In an action on a contract of employment to buy and sell cotton "futures," error in overruling demurrers to a plea in avoidance of the contract, "if made," as in violation of Code 1907, §§ 3345, 6473, was not injurious to plaintiff; such defense, whether considered as a denial of plaintiff's allegations or as setting up the illegality of the transaction, being provable under the general issue.

3. Contracts ⬤⟲138(6)—Illegal contract not enforced though invalidity not specially pleaded.

A contract or transaction in violation of law or contrary to public policy will not be enforced, even if the invalidity thereof be not specially pleaded and is developed by defendant's evidence.

4. Appeal and error ⬤⟲1040(14)—Overruling demurrer to plea imperfectly setting out good defense provable under general issue is harmless error.

Overruling a demurrer to a plea which imperfectly sets out a good defense provable under the general issue is not injurious to plaintiff, but to overrule a demurrer to a plea which is defective in substance in that the facts set up do not constitute a legal defense cannot be without injury, though such facts were provable under a good plea in the case.

5. Pleading ⬤⟲194(1)—Plea held good on demurrer, though elliptical and involved.

In an action on a contract of employment to buy and sell cotton futures, a plea alleging want of consideration in that plaintiff was employed in the cotton brokerage business by another at the time of the agreement, and already legally bound to render the services contracted for, *held* not subject to any grounds of demurrer interposed, though elliptical and involved.

6. Appeal and error ⬤⟲928(3)—Evidence presumed to sustain instruction or refusal thereof, in absence of bill of exceptions.

In the absence of a bill of exceptions, the Supreme Court will presume any state of evidence which would sustain the giving or refusing of an instruction.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

---

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by M. J. Shearin against Louis Pizitz. Judgment for defendant and plaintiff appeals. Affirmed.

Defendant's pleas 3, 4, and 5 read as follows:

"(3) That the said plaintiff claims said sum of money by an alleged contract wherein the said plaintiff alleged to have entered into an agreement with the said defendant to purchase and sell cotton for the defendant, but it was intended by the parties thereto that the cotton so sold or agreed to be sold, or the cotton so purchased or agreed to be purchased, should not be actually delivered or actually received, or the value paid or the value received, but that it was agreed and understood by and between said parties that money or other things of value should be paid by one party to the other, the party to whom such payment of money or other thing of value should be made to depend, and the amount of such money or other thing of value should be made to depend, upon whether the market price or value of the cotton so agreed to have been sold or purchased was greater or less at the time so specified than the price so stipulated to be paid or to be received for the cotton so to be sold and delivered, or so to be paid for and received, and the actual cotton was never intended to be delivered nor received, and was so understood by the said plaintiff, wherefore said alleged contract, if made, is and was void.

"(4) That the plaintiff claims the moneys due to him by reason of an alleged contract or agreement wherein plaintiff claims that the defendant hired the said plaintiff for the purpose of purchasing or either selling cotton commonly called 'futures,' and dealing therein on margins, and defendant avers, and so alleges, that if said alleged contract was made and entered into, it was void, and plaintiff could not, and should not be permitted to, recover thereon, because, at the time of the making of said alleged contract, it was not intended by and between the plaintiff and the defendant that the cotton futures so purchased or the cotton futures so sold should be actually delivered or actually received, but that, on the contrary, it was intended by and between the plaintiff and the defendant, and so understood, that the said cotton futures, when sold, or that the said cotton futures, when purchased, would not be actually received or actually delivered, but that the basis of loss or gain in the said transactions would be determined on the prevailing price of the cotton so sold, or the cotton so agreed to be received, at the time when it was agreed to sell and deliver the same, or at the time when it was agreed to receive and pay for the same, and that it was never intended to actually deliver or actually receive the said cotton.

"(5) That, at the time the defendant is alleged to have made an agreement with the plaintiff for services for which the sum or sums of money are claimed as set forth in said complaint, the said plaintiff was employed by one W. E. Campbell in the cotton brokerage business, and while so employed it was the duty and obligation of the said plaintiff to render the said defendant such assistance and give the said defendant such information as was rendered the said defendant and was given the said defendant, and that said defendant avers that, if any consideration was promised the said plaintiff for the rendition of said services or the rendition of said information as was given or as was rendered to the defendant by the plaintiff, there was no consideration therefor, because the said plaintiff was already legally bound to render the said defendant the services so rendered, or the information so given, by reason of his said employment with the said W. E. Campbell."

I. D. Hobbs, of Hamilton, and Harsh, Harsh & Harsh, of Birmingham, for appellant.

A plea, to constitute a defense, must either traverse or confess and avoid the matter of the complaint. 130 La. 111, 57 South. 647; 200 Ala. 75, 75 South. 401. The presumption is that men ordinarily in their business transactions do not intend to violate the law. 110 U. S. 499, 4 Sup. Ct. 160, 28 L. Ed. 230; 175 Ala. 373, 57 South. 965, Ann. Cas. 1914D, 81. The error in overruling plaintiff's demurrer to the special plea was not harmless, because of the fact that all matter was available to defendant under the general issue also pleaded, where plaintiff has taken issue upon the erroneous plea, and defendant wins with such plea as one of the issues in the cause. 79 Ala. 342; 91 Ala. 393, 8 South. 824. The failure of the court to have his general charge put into writing and filed in the cause is error. 201 Ala. 53, 77 South. 347; Acts 1915, p. 815.

Leader & Ullman and David R. Solomon, all of Birmingham, for appellee.

Defendant's pleas 3 and 4 were in traverse, and it was unnecessary that they confess the making of a contract. 103 U. S. 261, 26 L. Ed. 539; 186 Ala. 492, 65 South. 68; 13 C. J. 742. If error had been made in the rulings, it could not have injured appellant, because the evidence was otherwise correctly admissible. 16 Ala. App. 274, 77 South. 424; 10 Ala. App. 258, 64 South. 649; 122 Ala. 414, 26 South. 1; 205 Ala. 576, 88 South. 753; 168 Ala. 243, 53 South. 172; 198 Ala. 149, 73 South. 406; 15 Ala. App. 241, 73 South. 135; 201 Ala. 489, 78 South. 395; 206 Ala. 1, 89 South. 729; 186 Ala. 495, 65 South. 321.

ANDERSON, C. J. [1] Pleas 3 and 4 set up a contract in violation of sections 3345 and 6473 of the Code of 1907, intended to prohibit what is termed "futures"; that is, contracts for the purchase and sale of commodities to be delivered at a future day when the parties thereto did not intend that there would be an actual delivery. These pleas, however, are equivocal, as they attempt to avoid the contract set up without admitting or denying the existence of same. They do not admit the contract sought to be avoided, but attempt to avoid it upon the facts set up, they say, "if said alleged contract was made and entered into." "Pleas must either traverse or confess and avoid the matter of

the action declared on. And the elements of confession, on pleas of that class, is as essential as that in avoidance." Smith v. Agee, 178 Ala. 627, 59 South. 647, Ann. Cas. 1915B. 129; Central of Georgia R. R. v. Williams, 200 Ala. 75, 75 South. 401.

[2] The defense, however, set up or attempted in these pleas was provable under the general issue. If they deny the allegation, that is but the general issue, or, if they be considered as setting up the illegality of the transaction, this fact could have been shown under the general issue, and the error in overruling the demurrer to same was without injury. Baker v. Lehman, 186 Ala. 495, and the authorities cited on page 503, 65 South. 321, on page 324.

[3] The modern rule in England and most of the American states is, if the contract is valid on its face, and the illegality does not appear from the plaintiff's proof, the illegality cannot be proven under the general issue, but must be specially pleaded (the rule followed by us in the former opinion now withdrawn). It is the rule, however, in Alabama and a few other jurisdictions not to enforce a contract in violation of the law and to deny the plaintiff the right to recover upon a transaction contrary to public policy, even if the invalidity of the contract or transaction be not specially pleaded and is developed by the defendant's evidence. 9 Cyc. pp. 740, 741, and notes. True, in the case of Baker v. Lehman, supra, the special pleas setting up the invalidity of the transaction were discussed on pages 500 and 502, but the court held in the "moreover" clause, on page 503 of 186 Ala., on page 324 of 65 South., that the invalidity of the contract was available under the general issue, and the question is stare decisis.

[4] While these pleas are imperfect, the facts set up under either alternative, if proven, would be a good defense, the one alternative being but the general issue, and the other the illegality of the contract, but provable under the general issue and the fact that the trial court adjudged them sufficient and thereby compelled the plaintiff to take issue was of no injury to him, for the reason that the defendant in establishing either alternative made out a complete defense under the general issue, and the plaintiff was not therefore prejudiced by having to take issue upon a plea which did not set up a sufficient defense and have his action defeated because of proof of same. In other words, if a demurrer is overruled to a plea which imperfectly sets out a good defense, provable under the general issue, the special plea being bad because of form, rather than substance, and proof of the facts averred would establish a good defense, provable under the good plea, the overruling of the demurrer to said defective plea could not be injurious; but, if the trial court overrules a demurrer to a plea defective in substance, that is, the

facts set up did not constitute a legal defense, the error could not be without injury, notwithstanding the facts so set up were provable under a good plea in the case, for the reason that the defendant would be entitled to a judgment upon proof of a plea which did not set up a complete legal defense. Beall v. Folmar, 122 Ala. 414, 26 South. 1; Bice v. Steverson, 205 Ala. 576, 88 South. 753; Maddox v. Chilton Warehouse Co., 171 Ala. 216, 55 South. 93. It is suggested by counsel for the appellant that the rule of error without injury applies when the court erroneously sustains a demurrer to a plea, and not when it overrules a demurrer to a bad plea, citing Montgomery & Eufaula R. R. v. Chambers and Abercrombie, 79 Ala. 338, and Cox, Hill & Thompson v. C. & W. R. R., 91 Ala. 393, 8 South. 824. This rule seems to be so stated in said cases, but this court has in the cases above cited established exceptions to the rule as stated in these two last cited cases. The Montgomery & Eufaula R. R. Case, supra, and upon which is based the Cox, Hill & Thompson Case, was dealing with a plea of contributory negligence, and which was not provable under the general issue, and proof of same would not establish a defense thereunder. We think that the eminent Chief Justice, in stating the general rule, without noting exceptions, and in giving the reason for same, overlooked a distinction between pleas which imperfectly set up a good defense and those which do not set up a sufficient defense, for, if a plea sets up a state of facts, though defectively presented, that will constitute a good defense provable under some good plea in the case, the plaintiff's action would not be defeated because of proof of a plea which did not set up a good defense as proof of the facts set up would be a good defense under the general issue, and whether especially pleaded or not. As we have above attempted to demonstrate, the pleas in the case at bar did not fail to set up a good defense or defenses, but set it up in an imperfect way, and proof of same established a complete defense, provable under the general issue, and the defendant would not escape liability because he proved a state of facts which did not constitute a legal defense, and there is no room for the reasoning against the present holding as well as the cases which have recognized exceptions to the rule, as set forth in the opinion in the Montgomery & Eufaula R. R. Case, supra; that is, that a plaintiff should not be compelled to take issue on a bad plea, for, if the defendant proves same, he will defeat the plaintiff's action, as this rule is all right when dealing with insufficient pleas, but cannot be applicable when dealing with pleas which are sufficient, but demurrable because of some defect as to the method of presenting the facts.

[5] Plea 5 seems to be elliptical and in-

volved, but upon a careful consideration of the record we do not think that it was subject to any of the grounds of demurrer interposed to same.

[6] It is difficult to pass intelligently upon the charges, as there is no bill of exceptions in this case, and this court will presume any state of evidence which would sustain the giving or refusing of an instruction to the jury by the trial court. Shafer & Co. v. Hausman, 139 Ala. 237, 35 South. 691, and cases there cited. Whether some of the charges do or do not state correct propositions of law, in the absence of the evidence in the case, they may have been inapt or abstract, and the trial court may have had good reasons for the refusal of same.

The judgment of reversal is set aside, the former opinion is withdrawn, and the judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and indexes