(130 So. 398)

WOOD et al. v. TRADERS' SECURITIES CO.

7 Div. 968.

Supreme Court of Alabama.

Oct. 23, 1930.

Hardegree & Cockrell, of Ashland, for appellants.

John W. Overton, of Wedowee, for appellee.

GARDNER, J.

Defendants, upon the purchase of certain merchandise from the Arch Manufacturing Company, executed to said company trade acceptances in the sum of $39.60 each, which were assigned to plaintiff corporation. This suit was for recovery in separate counts upon five of said trade acceptances, resulting in a judgment for plaintiff, from which defendants appeal.

Defendants take the point that the court was without jurisdiction, as the amount of each trade acceptance was below the jurisdictional sum of $50. Section 6676, Code 1923. But the aggregate of these acceptances was far in excess of this jurisdictional sum, and the counts seeking recovery upon such separate acceptances were properly joined in the complaint under the provisions of section 9466, Code 1923. The jurisdictional point is not well taken. Wood v. McClure, 209 Ala. 523, 96 So. 577; volume 6 Ala. and So. Digest, p. 553.

At the conclusion of the evidence, the court instructed the jury, at plaintiff's request in writing, that if they believed the evidence the verdict would be for $231.45, the amount of the five trade acceptances. We do not find, however, from a review of this record, where plaintiff offered in evidence more than four of these acceptances. This was doubtless an oversight, but, however, that may be, we must consider the record as we here find it, and so considered, the giving of the charge constitutes error to reverse.

The questions propounded by defendants, to which objections were sustained (assignments of error 52–62, inclusive) were intended to elicit evidence tending to show an agreement in restraint of trade and void as against public policy (23 R. C. L. p. 1321; 41 C. J. 140; U. S. v. Trenton, etc., Co., 273 U. S. 392, 47 S. Ct. 377, 71 L. Ed. 700, 50 A. L. R. 989; U. S. v. Colgate, 250 U. S. 300, 39 S. Ct. 465, 63 L. Ed. 992, 7 A. L. R. 443; Dr. Miles Medical Co. v. Park, 220 U. S. 373, 31 S. Ct. 376, 55 L. Ed. 502; Boston Store v. Amer. G. Co., 246 U. S. 8, 38 S. Ct. 257, 62 L. Ed. 551. Ann. Cas. 1918C, 447; Maple Flooring Mfrs.' Ass'n v. U. S., 268 U. S. 563, 45 S. Ct. 578, 592, 69 L. Ed. 1093; Cement Mfrs.' Ass'n v. U. S., 268 U. S. 588, 45 S. Ct. 586, 592, 69 L. Ed. 1104; Norfolk Motor Ex. v. Grubb, 152 Va. 471, 147 S. E. 214, 63 A. L. R. 310; State v. Scollard, 126 Wash. 335, 218 P. 224, 32 A. L. R. 1082; note 19 A. L. R. 926 et seq.; 2 Williston on Sales [2d Ed.] p. 1708; Three Star, etc., v. Ofsa, 94 W. Va. 636, 119 S. E. 859, 29 A. L. R. 1053), as well also in violation of the penal statute of the state, section 5212, Code 1923, which constituted a part of the contract of purchase of the merchandise for which the trade acceptances were executed. The court erred in sustaining these objections. Southern Cotton Oil Co. v. Knox, 202 Ala. 694, 81 So. 656; Baker v. Lehman, Weil & Co., 186 Ala. 493, 65 So. 321; Thomas v. Little, 209 Ala. 590, 96 So. 896; Long v. Holley, 177 Ala. 508, 58 So. 254; Johnson v. Hanover Bank, 88 Ala. 271, 6 So. 909; Morris Adler v. Jones, 208 Ala. 481, 94 So. 816; Oxford Iron Co. v. Quinchett, 44 Ala. 487; Town of Cotton v. Austin, 158 Ala. 117, 48 So. 345; Black v. Oliver, 1 Ala. 449, 35 Am. Dec. 38.

We are not favored with brief for appellee, but a study of the record suggests reasons that doubtless prompted the rulings of the trial court. The first to occur to the mind is the absence of any special plea setting up such defense. Doubtless under the weight of authority such a defense must be specially pleaded (9 Cyc. 740, 741), but this is not the rule in this state. In Shearin v. Pizitz, 208 Ala. 244, 94 So. 92, the question is discussed, and following the doctrine of stare decisis it was there held a defense of the character above indicated is available under the general issue. Another reason suggesting the ruling is the fact that plaintiff, anticipating some defensive matter as between the original parties, had proven itself a bona fide purchaser for value and before maturity of these negotiable instruments. But the court could not anticipate a failure on defendants' part to offer countervailing proof, and the evidence sought to be elicited was the proper initial step in establishing the defense there suggested. These observations are likewise applicable to the rulings of the court in sustaining objections to questions propounded to defendants seeking to elicit evidence in support of S. H. Wood's special plea of fraud on file in

the cause. Assignments of error 63–65, 69–72, inclusive.

These questions were for the evident purpose of proving the fraudulent representations set up in the plea, and should have been allowed. The plea further averred knowledge of the fraud at the time of the purchase of the trade acceptances, but proof of the fraud was first in order. These assignments of error are well taken.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.