MADDOX, Justice
(dissenting).
The issue presented is whether gas and oil well drilling operations are considered within the purview of § 34-8-1 et seq., Ala.Code 1975, so as to require businesses that perform such work to be licensed as “general contractors.” More specifically, the issue is whether Ronnie Mixon Drilling, Inc., (“Mixon Drilling”) is an unlicensed “general contractor” and therefore prohibited, as a matter of law, from maintaining an action in an Alabama court on its contracts.
I believe that the trial court correctly entered the summary judgment in favor of MetFuel, Inc., holding that, as a matter of law, Mixon Drilling was a “general contractor” under the provisions of § 34-8-1 because Mixon Drilling’s work amounted to the “construction” of an “improvement” or “structure” within the meaning of those terms as used by the Legislature. Because contracts of unlicensed general contractors have been held null and void as a violation of public policy, I would affirm the judgment of the trial court.
Mixon Drilling, a Louisiana corporation, sued MetFuel in the Circuit Court of Tuscaloosa County to perfect liens previously filed in the offices of the judges of probate of Tuscaloosa and Hale Counties and to collect monies owed Mixon Drilling by Met-Fuel. Mixon Drilling’s action was based on a claim for unpaid invoices for work performed pursuant to a contract between the parties that called for Mixon Drilling to drill methane gas wells on MetFuel’s leaseholds in Tuscaloosa and Hale Counties.
Metfuel filed a motion for summary judgment, arguing that Mixon Drilling was required to be licensed as a general contractor under § 34-8-1 et seq., and that, because Mixon Drilling had not obtained a license as a general contractor, the contract between the parties was null and void and all claims for payment unenforceable. Section 34-8-l(a) defines a “general contractor” (such as must be licensed) as follows:
*275 “[0]ne who, for a fixed price, ... undertakes to construct or superintend the construction of any building, highway, sewer, grading or any improvement or structure where the cost of the undertaking is $20,000.00 or more_”
(Emphasis added.) The parties stipulated that Mixon Drilling did not obtain a general contractor’s license under the terms of § 34-8-1. It is also undisputed that the cost of Mixon Drilling’s services for Met-Fuel exceeded $20,000.
Mixon Drilling appealed from MetFuel’s summary judgment. The majority reverses the judgment and remands this case, based on this Court’s recent decision in Louisiana Well Service, Inc. v. MetFuel, Inc., 614 So.2d 1039 (Ala.1993), where the Court held, in an almost identical factual context, that a contractor for oil and gas well drilling was not a “general contractor” within the meaning of § 34-8-1. However, I believe Louisiana Well Service was incorrectly decided; I dissented from that holding, and I must once again respectfully dissent. Cf. Sanwa Business Credit Corp. v. G.G. “Boots” Smith Corp., 548 So.2d 1336 (Ala.1989) (foreign corporation not qualified to do business in Alabama prohibited from proceeding in Alabama court system to recover damages for the alleged breach of a contract to move and set up an oil drilling rig).
In my opinion, the holding of the majority exempts an out-of-state well drilling contractor who performs construction activities in Alabama costing far more than the statutorily set amount of $20,000 and who directly engages in a type of business in this State that is inherently dangerous, from the Alabama general contractor licensing requirements. The contractor licensing provisions found at § 34-8-1 et seq. have been held to be “penal in nature,” and to “express [the] firm public policy of this State to guard our citizens ‘against incompetent contractors for certain-type structures, and also to better assure properly constructed structures which [are] free from defects and dangers to the public.’ ” Brown v. Mountain Lakes Resort, Inc., 521 So.2d 24, 25 (Ala.1988), quoting Cooper v. Johnston, 283 Ala. 565, 567, 219 So.2d 392 (1969).
In this case, Mixon Drilling drilled over 30 methane gas wells in Tuscaloosa and Hale Counties on land where MetFuel held the mineral rights. The drilling activities by Mixon Drilling included assembling and erecting the drilling rig, actually drilling each of the wells almost a mile deep into the underground coalseams for the purpose of allowing MetFuel to recover coalbed methane gas, and constructing and inserting steel pipe “casing” into the drilled hole in order to complete the finished well.
I agree with MetFuel and the trial court that such activities constituted the “construction” of an “improvement” or “structure” as those terms were used by the Legislature in § 34-8-1. I am of the opinion that Mixon Drilling constructed an “improvement” or “structure” and is, therefore, a “general contractor” under § 34-8-1, because Mixon Drilling meets the other criteria for “general contractor” status. Therefore, I must respectfully dissent.