The defendant, MetFuel, Inc., appeals from a judgment of dismissal, without prejudice, pursuant to the plaintiff Louisiana Well Service Company's Rule 41, A.R.Civ.P., motion. We affirm.
Louisiana Well Service Company ("LWS") and MetFuel executed three contracts by which LWS was to provide drilling and related services to MetFuel's methane gas wells in Alabama. The contracts were controlled by Mississippi law. LWS drilled 47 wells for MetFuel and sent invoices to MetFuel based on this work. MetFuel paid LWS over $2 *Page 602 
million, but refused to pay certain invoices totalling $1,752,729.12.
LWS sued MetFuel in a Mississippi state court to enforce the contracts and to collect the $1,752,729.12 in unpaid, disputed charges for work done by LWS. LWS also asked for an accounting and for a declaration of ownership of certain drill pipe. MetFuel removed the action to a federal court in Mississippi and filed a counterclaim.
In its brief to this Court, LWS states that "in an attempt to guarantee payment, should [it] prevail in its Mississippi lawsuit, LWS filed a verified statement of lien against certain Alabama property on which LWS had drilled wells on behalf of MetFuel" and that "LWS then filed a complaint in the Circuit Court of Tuscaloosa County to perfect the lien" and to obtain a judgment against MetFuel for $1,752,729.12. LWS states that the issue posed by the Alabama action is "virtually identical" to that in the Mississippi action: whether MetFuel breached its contracts with LWS by failing to pay $1,752,729.12 on 42 LWS invoices.
MetFuel did not file an answer in LWS's Alabama action; however, one month after being served with the summons and complaint in the Alabama action, MetFuel moved for a summary judgment, claiming that its contracts with LWS were void and unenforceable because LWS, as a general contractor, had not obtained a general contractor's license before beginning its work for MetFuel in Alabama.
The trial court granted MetFuel's motion for summary judgment, agreeing with MetFuel that LWS could not enforce the contracts because it had not obtained a "general contractor" license. Under Alabama law, "contracts of unlicensed general contractors have been held null and void as a violation of . . . public policy." Brown v. Mountain LakesResort, Inc., 521 So.2d 24, 25 (Ala. 1988).
On appeal, this Court reversed and remanded, holding that, under the statutory definition of "general contractor," Ala. Code 1975, § 34-8-1(a), LWS was not a general contractor, that LWS was not required to obtain a general contractor's license for the work done for MetFuel, and, therefore, that LWS's contracts were enforceable. Louisiana Well Service, Inc.v. MetFuel, Inc., 614 So.2d 1039 (Ala. 1993).
Immediately upon our remand to the trial court, LWS filed a Rule 41(a), A.R.Civ. P., motion to dismiss the action, without prejudice. MetFuel filed an objection to the motion, supported by the deposition of the owner and president of LWS, Alton Ogden, Jr., and the affidavit of MetFuel's lawyer, Charles Pearson. The court dismissed the action, without prejudice or condition; MetFuel appeals.
Rule 41, entitled "Dismissal of actions," reads in part as follows:
"(a) Voluntary dismissal: Effect Thereof.
 "(1) By Plaintiff, By Stipulation. Subject to the provisions of Rule 23(e) [dismissal or compromise of class action], of Rule 66 ['Receivers'], and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of Alabama, or of the United States, or of any state, an action based on or including the same claim.
 "(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action may be dismissed but the counterclaim shall remain pending for adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." *Page 603 
As pointed out by both parties, because MetFuel had filed a motion for summary judgment in the Alabama action and because MetFuel did not stipulate to dismissal of the action, LWS's motion for dismissal was, necessarily, considered by the trial court according to the provisions of Rule 41(a)(2).
On appeal, MetFuel quotes from the committee comments to Rule 41:
 "The purpose of Rule 41(a) is to facilitate voluntary dismissals but to limit them to an early stage of the proceedings before issue is joined. Once issue has been joined, by answer or by motion for summary judgment, voluntary dismissal can only be upon court order, and the court is given broad powers to prevent harassment of or inconvenience to the defendant by an arbitrary dismissal at this advanced stage of the case."
(Citations omitted.)
MetFuel contends that the court clearly abused its discretion in granting LWS's motion to dismiss because, MetFuel says, it had expended large sums of money and many hours of legal work in defending itself in the Alabama action, the case had gone past the "early stage of the proceedings," and issue had been joined by the motion for summary judgment. LWS argues, however, that dismissal was within the court's broad discretion. We agree with LWS.
In addressing MetFuel's contentions that it spent much time and money "defending" the Alabama action and that the action had gone beyond the early stages of the lawsuit, we find the following chronology to be helpful. MetFuel's motion for summary judgment on the jurisdictional issue (whether the contracts that formed the basis of the action were void and unenforceable), was filed on June 20, 1991 (approximately one month after the complaint was filed), and was granted on March 25, 1992 (the motion was supported by one deposition and one affidavit). LWS immediately appealed the summary judgment, and this Court released its opinion reversing MetFuel's summary judgment and remanding the cause to the trial court on March 12, 1993. LWS filed its Rule 41(a)(2) motion to dismiss on March 26, 1993. The trial court heard arguments on the motion on April 14, 1993, and entered its order granting the motion to dismiss at the close of the hearing. In light of the above, we can not say that this action had proceeded "past the early stages" or that MetFuel had spent so much time and effort as to preclude the trial court from considering a motion to dismiss.
MetFuel correctly states that the Alabama action had been pending for two years when the court granted the motion to dismiss. It is important to note, however, that the greater part of those two years was spent in resolving MetFuel's motion for summary judgment — a proceeding that initially resulted in MetFuel's obtaining the relief it sought. The passage of time alone is not a sufficient basis for denying a Rule 41 motion.
As to MetFuel's contention that "issue had been joined," we find that MetFuel did not file an answer in the Alabama action — a pleading that would have "joined issue" as to the claims of LWS's complaint. MetFuel's motion for summary judgment was filed to resolve a jurisdictional issue collateral to the merits of LWS's complaint and did not "join issue." We further note that the motion for summary judgment was supported by one deposition and one affidavit, which represented MetFuel's discovery in the Alabama action. The record does not reflect that substantial discovery efforts had been made in the Alabama action, or that the time spent in discovery was such as should prevent the trial court's granting the motion to dismiss.
MetFuel contends that it was prejudiced by the trial court's failing to consider the detrimental effect the dismissal would have on MetFuel. We find no support for this argument. The trial court conducted a hearing on the motion to dismiss on April 14, 1993, at which time MetFuel argued its opposition to the motion. Indeed, the evidence convinces us that, because of the identity of the issues and parties in the Alabama and Mississippi actions, the work product of MetFuel's efforts in the Alabama action will not be wasted but will be applicable to and useful in the Mississippi litigation.
Similarly, we find no validity in MetFuel's argument that the dismissal effectively allowed LWS to "forum shop." Rather, the *Page 604 
trial court, in exercising its discretion, considered the relative merits of the two forums in which two identical actions were pending and the duplication of costs that would result if both actions were allowed to proceed, and decided to dismiss the Alabama action in favor of the more logical forum and in favor of a reduction of duplicate legal fees and court costs. We find no error here.
MetFuel also argues that the trial court erred in failing to impose "conditions" on the dismissal. LWS contends, however, that the lack of conditions on the dismissal is not an issue properly before this Court. We find in the record no evidence that MetFuel requested the trial court to place conditions on its dismissal of LWS's complaint. This Court "cannot put a trial court in error for failure to rule on a matter which, according to the record, was not presented to nor decided by it. This rule especially applies in a situation where, as here, an abuse of discretion is alleged."Bevill v. Owen, 364 So.2d 1201, 1203 (Ala. 1979) (citations omitted).[1]
Assuming, however, for the sake of argument, that MetFuelhad requested an imposition of conditions on the dismissal of the Alabama action, we note the following rule:
 "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action. The [trial] court, however, should impose only those conditions which actually will alleviate harm to the defendant."
American Nat'l Bank Trust Co. v. BIC Corp., 931 F.2d 1411,1412 (10th Cir. 1991) (citations omitted). Having already found that MetFuel would suffer no harm or prejudice as a result of the dismissal, the trial court, even if MetFuel had asked for the imposition of conditions, should have concluded that placing conditions on the dismissal was not warranted. See, also, Stevedoring Services of America v. Armilla Int'l,889 F.2d 919 (9th Cir. 1989).
We note two federal cases MetFuel considers significant; both are readily distinguishable from the instant case. InPace v. Southern Express Co., 409 F.2d 331 (7th Cir. 1969), the court of appeals pointed out "factors justifying denial" of the plaintiff's motion to dismiss; the defendant in that case had spent much time in preparing for trial on the merits of the case, while the plaintiff had engaged in delaying tactics, had exhibited a "lack of diligence," and had given no sufficient explanation for its motion to dismiss. In this case, MetFuel moved for a summary judgment based on a collateral issue, delay was the result of the proceedings involving the motion for summary judgment (including an appeal), LWS's motion to dismiss was timely, and LWS gave several sufficient reasons for requesting the dismissal.
In Hartford Acc. Indem. Co. v. Costa Lines Cargo Serv.,903 F.2d 352 (5th Cir. 1990), the motion to dismiss was filed after
hearings had been conducted on "various issues"; after "significant" discovery had been conducted; after the defendant's motion for summary judgment on a particular issue had been granted, and the plaintiff had not appealed that ruling; and after a date had been set for trial of the remaining issues. Unlike the proceedings in this case, the proceedings in Hartford had advanced beyond the point at which a motion to dismiss would have been timely and at which the trial court's granting of the motion would have been within its discretion.
The record does not support a finding that the trial court ignored the interests of the defendant, MetFuel, or otherwise abused its discretion. Instead, we find that the evidence in the Alabama action and the procedural posture of that action clearly allowed for LWS's filing of its motion to dismiss. Therefore, the trial court did not abuse its discretion in granting LWS's Rule 41 motion to dismiss the action, without prejudice or conditions. The judgment of dismissal is affirmed.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), *Page 605 
Ala. Code 1975, and it is hereby adopted as that of the Court.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, KENNEDY and COOK, JJ., concur.
[1] We note that MetFuel's motion for an award of costs and attorney fees in this case is still pending in the circuit court.