MOORE, Judge.
*312 This court's opinion of June 23, 2017, is withdrawn, and the following is substituted therefor.
Karen H. Jackson appeals from a judgment entered by the Covington Circuit Court ("the trial court") awarding Jeannan C. Brewer ("Brewer") damages in the amount of $5,600, plus attorney's fees in the amount of $4,502.83, on Brewer's breach-of-contract claim. We affirm the trial court's judgment.
Procedural History
On October 2, 2013, Brewer filed a complaint against Jackson, seeking damages for an alleged breach of a purchase agreement, which provided that John Brewer would purchase certain commercial property owned by Jackson. Brewer alleged that the property made the subject of the purchase agreement was a portion of a building owned by Jackson that was to be subdivided along an interior wall, with the property lying to the north of the interior wall to be sold to John Brewer and the property lying south of the interior wall to be retained by Jackson. Brewer alleged that she was the assignee of John Brewer and that she had paid a $5,000 deposit to secure the purchase agreement. Brewer asserted that Jackson had breached the purchase agreement by refusing to close on the sale of the property despite repeated requests from Brewer, and she requested damages and attorney's fees. Jackson apparently filed a counterclaim requesting that Brewer pay her attorney's fees based on the terms of the purchase agreement. Following a trial, the jury returned a verdict in favor of Brewer on May 26, 2016, and awarded her $5,600 in damages and reasonable attorney's fees "as called for by the [purchase agreement]," to be determined by the trial court.
On June 29, 2016, Jackson filed a motion essentially requesting that the trial court enter judgment as a matter of law in her favor; Jackson asserted that the purchase agreement was "illegal and void due to its violation of the Andalusia City's Code subdivision regulations and § 11-52-30[,] Ala. Code 1975." Specifically, Jackson relied on the testimony of Micah Blair, the assistant director of Planning and Development for the City of Andalusia ("the City"), who had testified that Jackson's property could not be subdivided without approval of the City, that no one had applied to subdivide the property, and that the proper authorities had not approved the subdivision of the property. In support of her motion, on September 6, 2016, Jackson filed two additional motions seeking to supplement the record-one to admit the affidavit of Blair, in which he summarized his trial testimony, and a second to admit copies of certain ordinances of the City.
On September 21, 2016, the trial court entered separate orders denying the motions to supplement the record and denying the motion for a judgment as a matter of law; it also entered a judgment in favor of Brewer, awarding her damages in the amount of $5,600 and attorney's fees in the amount of $4,502.83. On November 2, 2016, Jackson filed her notice of appeal.
Discussion
On appeal, Jackson argues that the trial court erred in entering a judgment for Brewer despite the illegality of the purchase agreement.
Before addressing the merits of the appeal, we first reject Brewer's contention that Jackson waived the illegality issue and that she was estopped to assert the illegality of the purchase agreement by relying on the agreement in her counterclaim.
*313 Because an illegal contract is void ab initio and will not support a cause of action or a judgment, a party can raise the illegality of a contract at any time. Kilgore Dev., Inc. v. Woodland Place, LLC, 47 So.3d 267, 271 (Ala. Civ. App. 2009). In Limestone Creek Developers, LLC v. Trapp, 107 So.3d 189, 193-94 (Ala. 2012), our supreme court explained:
"[T]he judicial system may not be used to enforce illegal contracts. See, e.g., Ex parte W.D.J., 785 So.2d 390, 393 (Ala. 2000) ('Moreover, this Court has held that "[a] person cannot maintain a cause of action if, in order to establish it, he must rely in whole or in part on an illegal or immoral act or transaction to which he is a party." Hinkle v. Railway Express Agency, 242 Ala. 374, 378, 6 So.2d 417, 421 (1942). In Oden v. Pepsi Cola Bottling Co., 621 So.2d 953 (Ala. 1993), this Court stated that the purpose of the Hinkle rule is to ensure that " 'those who transgress the moral or criminal code shall not receive aid from the judicial branch of government.' " 621 So.2d at 955....' (emphasis omitted)). See also Kilgore Dev., Inc. v. Woodland Place, LLC, 47 So.3d 267, 271 (Ala. Civ. App. 2009) (holding that subdivision-control statutes were implemented to protect the public, not to raise revenue, and that contracts violating those statutes are accordingly void).
"Indeed, the policy behind this principle has been deemed to be of such importance that contracts found to violate the law will not be enforced even if, as has been alleged in this case, the defaulting party failed to properly plead the affirmative defense of illegality. Brown v. Mountain Lakes Resort, Inc., 521 So.2d 24, 26 (Ala. 1988) (' " 'It is the rule ... in Alabama and a few other jurisdictions to not enforce a contract in violation of the law and to deny the plaintiff the right to recover upon a transaction contrary to public policy, even if the invalidity of the contract or transaction be not specially pleaded and is developed by the defendant's evidence.' " ' (quoting National Life & Accident Ins. Co. v. Middlebrooks, 27 Ala.App. 247, 249, 170 So. 84, 86 (1936), quoting in turn Shearin v. Pizitz, 208 Ala. 244, 246, 94 So. 92, 93 (1922) ))."
The policy against enforcing illegal contracts so strongly prevails in Alabama that a party can raise the issue even after a jury returns an adverse verdict based on the contract, as is the case in other jurisdictions. See Pacific Wharf & Storage Co. v. Standard Am. Dredging Co., 184 Cal. 21, 24, 192 P. 847, 849 (1920) (holding that the illegality of a contract can be raised in a posttrial motion). Thus, we reject Brewer's contention that Jackson waived the illegality defense by failing to raise it until after the jury returned its verdict.
Based on the same policy considerations, Alabama law holds that a party cannot be prevented from asserting the illegality of a contract based on the theory of estoppel. See Cooper v. Johnston, 283 Ala. 565, 569, 219 So.2d 392, 396 (1969) ("Vitality cannot be injected into an illegal transaction by way of estoppel."). Brewer alleges that Jackson relied on the purchase agreement to support her counterclaim for attorney's fees. The record does not contain a copy of the counterclaim, so we cannot discern whether, in fact, Jackson was seeking to enforce an attorney-fee provision in the purchase agreement, although Jackson seems to acknowledge as much in her brief to this court. See Roberts v. Roberts, 424 So.2d 644, 645 (Ala. Civ. App. 1982) ("The record cannot be factually enlarged, changed, altered or varied upon appeal by statements appearing in briefs of counsel, but the record on appeal must disclose the facts upon which the alleged error is founded before such an *314 error may be considered."). Nevertheless, we hold that, even if Jackson had relied on the purchase agreement as the foundation for her counterclaim, Jackson would not have been estopped to assert the illegality of the purchase agreement as a defense to the breach-of-contract claim filed by Brewer.
Turning to the merits, Blair's testimony established that the building Jackson owned was located on one parcel of real property and that the building could not be subdivided without the approval of the City, which neither Jackson nor Brewer obtained. In her motion for a judgment as a matter of law, Jackson asserted that the purchase agreement was illegal and void under certain City ordinances that regulate the subdivision of property, which she sought to have admitted into the record by a motion to supplement. Jackson also relied on § 11-52-30, Ala. Code 1975. On appeal, Jackson relies on the same and additional City ordinances and on former § 11-52-33(a), Ala. Code 1975.[1]
We cannot consider the argument based on the alleged violation of the City ordinances. The trial court denied the motion to admit copies of the City ordinances, so they are not part of the appellate record.[2] See Page v. Southern Care, Inc., 219 So.3d 660 (Ala. Civ. App. 2016) (holding that affidavit filed in connection with a postjudgment motion, which affidavit was excluded by court, could not be considered on appeal). Jackson has referenced the relevant City ordinances throughout her appellate brief, but we cannot take judicial notice of the contents of a municipal ordinance in the absence of statutory authority. See Presley Roofing & Constr. Co. v. Lewis, 953 So.2d 1264, 1267 n.2 (Ala. Civ. App. 2006). Section 11-45-11, Ala. Code 1975, provides that "[a]ll courts of the State of Alabama shall take judicial notice of all municipal ordinances of each Class 1 municipality." Class 1 municipalities are those with a population of 300,000 inhabitants or more. § 11-40-12, Ala. Code 1975. We take judicial notice of the fact that the population of the City of Andalusia is less than 300,000. Id. Without evidence of the contents of the City ordinances, we cannot conclude that they prohibited the purchase agreement at issue.
We further reject Jackson's contention that this court must accept the testimony of Blair as conclusive on the meaning and application of the City ordinances. We note the general rule that a witness, whether a lay witness or an expert witness, should never be permitted to give his or her opinion on a question of law or upon the application of the law. See Ex parte Dial, 387 So.2d 879, 880 (Ala. 1980). We need not decide, however, if Brewer waived the application of that general rule by failing to object to Blair's testimony. Jackson ordered only that part of the transcript of the trial proceedings containing Blair's testimony, leaving this court without access to the remainder of the testimony.
*315 Although Jackson asserts that no evidence was introduced to contradict Blair's testimony regarding the meaning, or application, of the City ordinances, in the absence of the remainder of the transcript, this court must presume that the missing portions support the verdict of the jury and the judgment of the trial court. See Smith v. Haynes, 364 So.2d 1168, 1170 (Ala. 1978). Therefore, we cannot reverse the judgment on the basis that Blair's testimony was conclusive on the meaning and application of the City ordinances.
We ordinarily could not consider Jackson's argument based on former § 11-52-33(a) because Jackson did not rely on that statute in the trial-court proceedings, see Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992) ; however, because our supreme court has indicated that the court system cannot be used to enforce an illegal contract, see Trapp, supra, we hold that we can consider the effect of former § 11-52-33(a) even though Jackson cites that statute for the first time on appeal. See, e.g., Taylor v. Riley, 157 Idaho 323, 329, 336 P.3d 256, 262 (2014) ("[T]he alleged illegality of a contract may be raised at any stage of the litigation, including for the first time on appeal.").
Former § 11-52-33(a) provided, in pertinent part:
"Where the regulation of a subdivision development is the responsibility of the municipal planning commission, if the owner or agent of the owner of any land located within a subdivision, transfers or sells or agrees to sell or negotiates to sell any land by reference to or exhibition of or by other use of a plat of a subdivision before the plat has been approved by the municipal planning commission and recorded or filed in the office of the appropriate county probate office, the owner or agent shall forfeit and pay a penalty of one hundred dollars ($100) for each lot or parcel so transferred or sold or agreed or negotiated to be sold, and the description of the lot or parcel by metes and bounds in the instrument of transfer or other document used in the process of selling or transferring shall not exempt the transaction from the penalties or from the remedies provided in this section."
Former § 11-52-33(a) made it unlawful for an owner of land that was subject to regulation by a municipal planning commission to enter into an agreement to sell the land as a unit of a proposed subdivision by reference to or the exhibition of a map or plat setting forth the proposed subdivision when the map or plat had not been properly approved by the commission. See Grand Harbour Dev., LLC v. Lattof, 127 So.3d 1230 (Ala. Civ. App. 2013). This court has held that an agreement for the sale of land that violated former § 11-52-33(a), being illegal at its inception, could not be enforced. Kilgore Dev., Inc. v. Woodland Place, LLC, 47 So.3d at 272.
We hold that the record does not disclose any violation of former § 11-52-33(a). Nothing in the record shows that Jackson induced the purchase agreement "by reference to or exhibition of" an unapproved subdivision plat or map. In Kilgore, supra, this court, in holding a contract unenforceable, noted that the contract had expressly called for a developer to purchase lots " 'more particularly described on the unrecorded map or plat' " of the subdivision, which was attached as an exhibit to the contract. 47 So.3d at 272. Courts of other states with a statute using language almost identical to that in former § 11-52-33 have held that the sale of land in a proposed subdivision violates the statute only when induced by specific reference to or exhibition of an unapproved plat or map. See Commmonwealth v. Tapley, 10 Pa. D. & C.2d 392, 397 (Pa. Ct. Com. Pl. 1956) ; and Arkansas Fuel Oil Corp. v. Puccio, 141 So.2d 516, 520 (La. Ct. App. 1962). In the absence of a record that Jackson used an unapproved subdivision *316 plat or map in reaching the agreement to sell part of the building to Brewer, we conclude that Jackson has not shown that a violation of former § 11-52-33(a) occurred.[3]
Jackson premises her appeal of the judgment entirely on the illegality of the purchase agreement, which she claims renders the entire trial-court proceedings, including the award of attorney's fees, void due to lack of subject-matter jurisdiction. Because the record does not disclose that the purchase agreement was illegal, we do not address Jackson's jurisdictional argument. We conclude that the trial court did not commit any error by denying Jackson's motion and by entering a judgment in favor of Brewer. Although the trial court did not rely on the same reasoning as set out in this opinion, we can affirm the trial court's judgment on any valid legal ground presented in the record. See Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., 881 So.2d 1013, 1020 (Ala. 2003).
The judgment is affirmed. We deny Jackson's request for attorney's fees on appeal.
APPLICATION OVERRULED; OPINION OF JUNE 23, 2017, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
Thompson, P.J., Pittman, Thomas, and Donaldson, JJ., concur.

Former § 11-52-33(a) was amended effective April 7, 2014, see Ala. Acts 2014, Act No. 2014-332. The amended version of § 11-52-33 does not prohibit parties from entering into an agreement to sell subdivided property before receiving official approval of the subdivision plat or map, but the amendment does not apply to this case because the parties' purchase agreement was made before April 7, 2014.

We do not consider the propriety of that ruling because Jackson does not argue on appeal that the trial court erred in denying the motion. "When an appellant fails to argue an issue in its brief, that issue is waived." Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982) ; see also Gary v. Crouch, 923 So.2d 1130, 1136 (Ala. Civ. App. 2005) ("[T]his court is confined in its review to addressing the arguments raised by the parties in their briefs on appeal; arguments not raised by the parties are waived.").

Out of an abundance of caution, we have also reviewed § 11-52-30(g), Ala. Code 1975, although Jackson does not rely on that statute on appeal. Section 11-52-30(g) prohibits the sale of property in a proposed subdivision outside the municipal limits of a city when the property sold is "referenced to the map or plat, until and unless it has been first submitted to and approved by the municipal planning commission." Because § 11-52-30(g) uses wording similar to that in former § 11-52-33(a), it also requires proof that a sale has been transacted by reference to an unapproved plat or map, so Jackson also failed to prove a violation of § 11-52-30(g).