PETITION FOR WRIT OF MANDAMUS
This petition for writ of mandamus, filed in this Court by Kenneth B. Wood and Gloria D. Wood, seeks to compel Judge John Steensland of the District Court of Houston County, Alabama, to allow petitioners' counsel to cross-examine a State's witness at a preliminary hearing. We find that the petition is due to be granted.
On July 2, 1993, Kenneth and Gloria Wood were charged with the unlawful possession of a controlled substance in violation of Ala. Code 1975, § 13A-12-212. A preliminary hearing was held in district court on August 9, 1993, with Judge Steensland presiding. The petitioners were not present at the hearing but were represented by counsel. The record of that hearing reveals that after the State had examined its only witness, Ashley Forehand, the following occurred:
 "MR. MOTLEY [defense counsel]: Judge, am I allowed to ask Mr. Forehand any questions?
 "THE COURT: No. If you had brought your defendant[s] here, I might consider it.
"MR. MOTLEY: As counsel I'm not allowed? Okay.
"THE COURT: You're excused. Thank you.
 "MR. MAXWELL [assistant district attorney]: That's all we have, Judge.
 "THE COURT: No other witnesses. Anything from the Defense?
 "MR. MOTLEY: Yes, sir, Judge. We call Ashley Forehand to the stand.
 "THE COURT: Okay. You have already had your chance. If you had brought your defendants, why, the Court would —
 "MR. MOTLEY: So you are not going to allow me to put on any —
 "THE COURT: I'm not going to allow you to do it. Anything else? Any other argument?
 "MR. MOTLEY: Yes, Judge, if I could, they stopped — if you want to know what really happened, they stopped my client supposedly on a confidential informant's tip. They searched his automobile. They couldn't find anything on his automobile.
 "MR. MAXWELL: Judge, I would object to Mr. Motley testifying.
 "MR. MOTLEY: No. I'm just telling the judge what happened. I'm not testifying, Judge. I'm not under oath.
 "THE COURT: Mr. Motley, you know the rules. All you want to try to do is bend the rules to suit you, so let's cut that out. If you want to summarize the evidence in regard to the law, go right ahead.
 "MR. MOTLEY: My client was held for two hours down at the sheriff's office while they got a search warrant. They took my client in the —
 "MR. MAXWELL: Same objection, Your Honor. That's — this in not anything that's in evidence.
"THE COURT: Well, argue the facts of the evidence. *Page 810 
 "MR. MOTLEY: Well, Judge, you wouldn't let me cross-examine and so I could put on any evidence, and then I have to summarize their evidence?
 "THE COURT: You need to bring — you need to have your clients show enough respect for the Court to appear —
 "MR. MOTLEY: Judge, my client does have respect for your Court.
 "THE COURT: He doesn't have any more respect for this Court than Adam's house cat.
"MR. MOTLEY: He does too.
 "THE COURT: He'd have been here overseeing what his lawyer is doing, that's the first thing. I hope he understands this.
"MR. MOTLEY: I don't feel there's any —
 "THE COURT: You know good and well my requirement of having a defendant here if he is going to have a preliminary hearing.
"MR. MOTLEY: I understand, Your Honor." R. 7-9.
At the conclusion of the hearing, Judge Steensland found probable cause to believe the petitioners guilty of the charged offense. Following this, the petitioners filed a petition for writ of mandamus in the circuit court, which was denied.
The Alabama Rules of Criminal Procedure provide that under certain circumstances a judge may compel a defendant's presence. Rule 9.1(c), A.R.Crim.P., provides:
 "If a defendant is not present at the trial, or at any stage thereof, or at any other proceeding, and the defendant's right to be present has not been waived or the absence has not been excused, the court, by order, may direct law enforcement officers to bring the defendant forthwith before the court for the trial or proceeding."
See H. Maddox, Alabama Rules of Criminal Procedure § 9.1 at 263 (1990) ("There are two situations in which a defendant cannot waive the right to be present: (1) when charged with a capital felony, and (2) when he or she is not represented by counsel (unless counsel has been knowingly and voluntarily waived, of course, in accordance with the provisions of Rule 6.1(b)). Rule 9.1(b)(2)(i) and (ii).").
The record in this case does not show why the petitioners were not present at the preliminary hearing. However, although the record does not disclose an affirmative waiver of the petitioners' right to be present or an excuse for their absence, an "implied" waiver may be presumed from their voluntary absence. See Maddox at 263 (1990). In any event, the district court did not attempt to secure the petitioners' presence at the preliminary hearing but chose instead to deny the petitioners their right of cross-examination. That sanction was improper.
The rights of confrontation and cross-examination do apply to a preliminary hearing.
Rule 5.3(a), A.R.Crim.P. provides:
 "The preliminary hearing shall be held in the district court. Only evidence that is relevant to the question of whether probable cause exists shall be admitted. All parties shall have the right to cross-examine personally the witnesses testifying. The defendant may introduce evidence in his own behalf relevant to the issue of probable cause." (Emphasis added.)
The Committee Comments to Rule 5.3 provide, in this regard:
 "A defendant is permitted to call witnesses to present testimony and evidence as a matter of right, on a proper showing of relevance. Art. I, § 6, Alabama Constitution of 1901, requires "[t]hat in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either"; arguably the court could not constitutionally preclude the defendant from testifying at a preliminary hearing." (Emphasis added.)
"All jurisdictions grant the defense a right to cross-examine those witnesses presented by the prosecution at the preliminary hearing." W. LaFave J. Israel, 2 Criminal Procedure § 14.4(b) at 267 (1984). See also O.M. v. State, 595 So.2d 514, 517
(Ala.Cr.App. 1991), cert. quashed, 595 So.2d 528 (Ala. 1992). In H. Maddox, Alabama Rules of Criminal Procedure § 5.6 at 58 (Cum.Supp. 1993), the observation is made that "a compelling argument could be made that a defendant, who has a right to a preliminary hearing, and the right to counsel at that hearing, *Page 811 
and the right to subpoena witnesses, has some rights to cross-examine the declarations made by government witnesses [which the defendant has subpoenaed]."
At least for purposes of the defendant's right to be present and to be represented by counsel, a preliminary hearing is a "critical stage" in the criminal process in Alabama.Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387
(1970); Cordle v. State, 53 Ala. App. 148, 154, 298 So.2d 77, cert. denied, 292 Ala. 717, 298 So.2d 85, cert. denied,419 U.S. 1033, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974). The record contains no indication and there is no allegation that the grand jury has returned an indictment (or indictments) against the petitioners in this case.
Therefore, it is the judgment of this Court that the petition for writ of mandamus is hereby granted. The district court is ordered to conduct a preliminary hearing at which the petitioners' counsel shall be permitted to cross-examine State's witness Ashley Forehand, the only witness to testify at the preliminary hearing, and at which the petitioners' counsel shall be permitted to present witnesses. The scope of that hearing shall be limited to "[o]nly evidence that is relevant to the question of whether probable cause exists." Rule 5.3(a), A.R.Crim.P. See Maddox at 182 (1990) ("motions to suppress illegally obtained evidence will not be considered at the preliminary hearing stage of a proceeding"). The presence of the defendants shall not be required at that hearing if their absence is accounted for as provided in Rule 9.1(b), A.R.Crim.P.
PETITION GRANTED.
All Judges concur.