BOWEN, Presiding Judge.
This second petition for writ of mandamus, filed in this Court by Kenneth B. Wood and Gloria D. Wood, seeks to compel Judge John Steensland of the District Court of Houston County, Alabama, to allow petitioners’ counsel to cross-examine a State’s witness at a *812 preliminary hearing. In Ex parte Wood & Wood, 629 So.2d 808 (AIa.Cr.App.1993), this Court granted the initial petition for writ of mandamus. We find that the present petition is due to be denied.
In the original petition for a writ of mandamus the petitioners showed that the district court judge refused to allow defense counsel to cross-examine the State’s only witness at the preliminary hearing because the petitioners/defendants were not present at that hearing. In Ex parte Wood we granted the petition, holding that the rights of confrontation and to cross-examination apply at a preliminary hearing. We ordered the district court
“to conduct a preliminary hearing at which the petitioners’ counsel shall be permitted to cross-examine State’s witness Ashley Forehand, the only witness to testify at the preliminary hearing, and at which the petitioners’ counsel shall be permitted to present witnesses. The scope of that hearing shall be limited to ‘[o]nly evidence that is relevant to the question of whether probable cause exists.’ Rule 5.3(a), A.R.Crim.P. See Maddox [Alabama Rules of Criminal Procedure § 5.3] at 182 (1990) (‘motions to suppress illegally obtained evidence will not be considered at the preliminary hearing stage of a proceeding’). The presence of the defendants shall not be required at that hearing if their absence is accounted for as provided in Rule 9.1(b), AR.Crim. P.”
Ex parte Wood, 629 So.2d at 811.
Pursuant to our opinion issued September 8,1993, the district court scheduled a preliminary hearing for September 20, 1993. On that date, the following entry appears in the case action summary:
“The court having considered the defendant[s’] written ‘waiver of right to be present at preliminary hearing’; and the court calling the docket for defendant[s’] presence and defense counsel, Honorable Thomas D. Motley, stating to the court that defendant[s were] located in his office and the court having considered Rule 9.1(b), A.R.Crim.P., that the decision to proceed in light of a voluntary waiver is discretionary, not mandatory, with the court; and the court stating that the preliminary hearing will not proceed without the presence of the defendant[s]; after the court’s instruction to defense counsel and the defendants] not appearing in court; preliminary hearing waived for failure of defendants] to appear. Defendants to await action of the grand jury and bail continued at $750.00.”
On October 14, 1993, the petitioners filed this second petition for writ of mandamus against the same district court judge, seeking the same relief as they sought in the original petition and alleging, in effect, that their right to waive them presence at their preliminary hearing is absolute.
We disagree. Rule 9.1(b), A.R.Crim. P., provides:
“(1) Except as provided in subsection (2) [1], a defendant may waive the right to be present at any proceeding in the following manner:
“(i) With the consent of the court, by an understanding and voluntary waiver in open court or by a written consent executed by the defendant and by the defendant’s attorney of record, filed in the case.”
“(ii) By the defendant’s absence from any proceeding, upon the court’s finding that such absence was voluntary and constitutes an understanding and voluntary waiver of the right to be present, and that the defendant had notice of the time and place of the proceeding and was informed of the right to be present.” (Emphasis added.)
“[T]he decision to proceed in light of a voluntary waiver is discretionary, not mandatory, with the court. The court is in no instance required to proceed.” Committee Comments to Rule 9.1. A defendant has no absolute right to waive his presence at a criminal proceeding. See Powell v. State, 600 So.2d 1085, 1086 (Ala.Cr.App.1992) (“‘[t]he court need not accept accused’s waiver [of his right to be present] where his presence is necessary for identification purposes’ ”).
*813 Furthermore, the grand jury of Houston County returned indictments against the petitioners on October 14, 1993. “Once an accused has been indicted, no grounds for reversible error exist when the accused’s demand for a preliminary hearing is not satisfied.” Ex parte Potts, 426 So.2d 896, 899 (Ala.1983).
“Mandamus is a drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Service Stations, Inc., 628 So.2d 601 (Ala.1993). Here, the petitioners have failed to show that they have a clear legal right to the order sought. See also Ex parte Spears, 621 So.2d 1255 (Ala.1993) (“ ‘[I]t was never generally contemplated that questions arising during the progress of a trial, ultimately reviewable on appeal, should be determined by an appellate court on petition for a writ of mandamus, in advance of final judgment.’ ... [Mjandamus review will generally be restricted in the future to those cases where one of the recognized exceptions applies, or to those extraordinary cases where the rights of the parties cannot be adequately protected by appellate review of a final judgment.”).
The petition for writ of mandamus is denied.
PETITION DENIED.
All Judges concur.

. Rule 9.1(b)(2) states those instances in which a defendant may not waive the right to be present.