PER CURIAM.
 

 The petitioner, Michael Edwin Lank-ford, filed this petition for a writ of mandamus requesting that we direct District Court Judge Charles McKnight to set aside his order quashing the subpoenas issued to the alleged victim and her mother for Lankford’s preliminary hearing.
 
 [1]
 
 In August 2008, Lankford was charged with sexual abuse in the first degree. A preliminary hearing was scheduled for October 28, 2008. In anticipation of the hearing, the State subpoenaed a lieutenant with the Satsuma Police Department. Lankford also requested that subpoenas be issued to the 18-year-old alleged victim and her mother. Those subpoenas were issued and served. At the date scheduled for the preliminary hearing, Lankford was informed that the victim and her mother had been released from them subpoenas by an assistant district attorney handling the case and that they would not be attending the preliminary hearing. Lankford then moved for a continuance and objected to the assistant district attorney’s actions. Judge McKnight granted Lankford’s motion for a continuance and noted that the subpoenas previously issued to the victim and her mother would carry over to the newly scheduled preliminary hearing date. The State moved to quash the subpoenas, arguing that the victim’s parents wanted to accompany her to court but were unable to do so because of them work schedules. Judge McKnight granted the State’s motion to quash without allowing Lankford an opportunity to respond to the motion.
 
 [2]
 

 Lankford then filed a mandamus petition in the Mobile Circuit Court attacking Judge McKnight’s ruling.
 
 [3]
 
 The circuit court dismissed the petition after finding that it was not “verified by affidavit.” Two days later Lankford filed a second mandamus petition in the circuit court. Judge Roderick P. Stout denied that petition without explanation. Lankford then filed this petition for a writ of mandamus with this Court.
 
 [4]
 
 We stayed the proceed
 
 *845
 
 ings in the district court pending the resolution of this mandamus petition.
 

 Initially, we note that mandamus may be used to review a lower court’s ruling on a motion to quash a subpoena. See
 
 Ex parte Fitch,
 
 715 So.2d 873 (Ala. Crim.App.1997).
 

 Lankford argues that he has a clear legal right to subpoena witnesses for his preliminary hearing and that the district court violated statutory law by quashing the subpoenas. He cites §§ 15-11-6 and 15-11-8, Ala.Code 1975, to support this argument. The State asserts that Lankford can show no clear legal right to the relief sought because, it argues, he failed to show that the witnesses’ testimony was relevant to a finding of probable cause.
 

 “A preliminary hearing is a critical stage in the criminal process in Alabama ...
 
 Coleman v. Alabama,
 
 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 [(1970)].”
 
 Cordle v. State,
 
 53 Ala.App. 148, 154, 298 So.2d 77, 83 (1974). “In
 
 United States v. Wade,
 
 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Court described a critical stage as a ‘pretrial proeeeding[] where the results might well settle the accused’s fate and reduce the trial to a mere formality.’ ”
 
 Ex parte Stewart,
 
 853 So.2d 901, 903 (Ala.2002). In describing the unique features of a preliminary hearing in Alabama, the United States Supreme Court has stated:
 

 “First, under Alabama law the function of the preliminary hearing was to determine whether the evidence justified charging the suspect with an offense. A finding of no probable cause could mean that he would not be tried at all. The Fourth Amendment probable cause determination is addressed only to pretrial custody. To be sure, pretrial custody may affect to some extent the defendant’s ability to assist in preparation of his defense, but this does not present the high probability of substantial harm identified as controlling in
 
 [United States v.] Wade
 
 [, 388 U.S. 218 (1967) ] and
 
 Coleman [v. Alabama,
 
 399 U.S. 1 (1970) ]. Second, Alabama allowed the suspect to confront and cross-examine prosecution witnesses at the preliminary hearing. The Court noted that the suspect’s defense on the merits could be compromised if he had no legal assistance for exploring or preserving the witnesses’ testimony. This consideration does not apply when the prosecution is not required to produce witnesses for cross-examination.”
 

 Gerstein v. Pugh,
 
 420 U.S. 103, 122-23, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).
 

 Section 15-11-6, Ala.Code 1975, the part of the chapter of the Alabama Code addressing preliminary hearings— § 15-11-1 et seq., Ala.Code 1975 — states:
 

 “The court before whom any person is brought charged with a public offense must examine the complainant and the witnesses for the prosecution on oath, as soon as may be, in the presence of the defendant, and, after the testimony for the prosecution is heard, the witnesses for the defendant must be sworn and examined.”
 

 Section 15-11-8, Ala.Code 1975, further provides:
 

 “In a preliminary examination, it shall be the duty of the court to examine all witnesses having any knowledge of any facts relevant to such investigation, whether such witnesses were summoned in behalf of the state or of the defendant.”
 

 
 *846
 
 The Alabama Rules of Criminal Procedure also have detailed provisions addressing preliminary hearings.
 
 [5]
 
 Rule 5.3(a), Ala. R.Crim. P., states:
 

 “The preliminary hearing shall be held in the district court. Only evidence that is relevant to the question of whether probable cause exists shall be admitted. All parties shall have the right to cross-examine personally the witnesses testifying. The defendant may introduce evidence in his own behalf relevant to the issue of probable cause.”
 

 “Process shall issue to secure the attendance of witnesses requested by the defendant, the district attorney, or the court.” Rule 5.2, Ala. R.Crim. P.
 

 The Committee Comments to Rule 5.3, Ala. R.Crim. P., also provide:
 

 “A defendant is permitted to call witnesses to present testimony and evidence
 
 as a matter of ñght,
 
 on a proper showing of relevance. Art. I, § 6, Alabama Constitution of 1901, requires ‘[t]hat in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either’; arguably the court could not constitutionally preclude the defendant from testifying at a preliminary hearing.”
 

 (Emphasis added.)
 

 Furthermore, in
 
 Ex parte Wood,
 
 629 So.2d 808, 810-11 (Ala.Crim.App.1993), we issued a writ of mandamus after finding that a defendant was denied his right to cross-examine witnesses at his preliminary hearing. We stated:
 

 “‘All jurisdictions grant the defense a right to cross-examine those witnesses presented by the prosecution at the preliminary hearing.’ W. LaFave & J. Israel, 2
 
 Criminal Procedure
 
 § 14.4(b) at 267 (1984). See also
 
 O.M. v. State,
 
 595 So.2d 514, 517 (Ala.Cr.App.1991), cert. quashed, 595 So.2d 528 (Ala.1992). In H. Maddox,
 
 Alabama Rules of Criminal Procedure
 
 § 5.6 at 58 (Cum.Supp.1993), the observation is made that ‘a compelling argument could be made that a defendant, who has a right to a preliminary hearing, and the right to counsel at that hearing, and the
 
 right to subpoena witnesses,
 
 has some rights to cross-examine the declarations made by government witnesses [which the defendant has subpoenaed].’ ”
 

 (Emphasis added.)
 

 According to Alabama law, Lankford had the right to subpoena witnesses for his preliminary hearing if their testimony was relevant to a determination of whether probable cause existed to prosecute Lank-ford on the charge of sexual abuse in the first degree. The State asserts that Judge McKnight did not abuse his discretion in quashing the subpoenas because, it says, Lankford failed to show that the witnesses’ testimony was relevant. The motion to quash was granted solely on the basis that the victim’s parents had a scheduling conflict. The State never asserted that the victim’s or her mother’s testimony was not relevant. Lankford was never put on notice that the State challenged the relevancy of the witnesses’ testimony. Indeed, Lankford was given no opportunity to respond to the State’s motion to quash.
 

 Based on the foregoing, we hold that Judge McKnight abused his discretion in granting the State’s motion to quash the subpoenas. The writ of mandamus is due to issue. Judge McKnight is directed to set aside his order quashing the subpoenas issued to the victim and her mother and to reschedule Lankford’s preliminary hearing.
 

 
 *847
 
 PETITION GRANTED; WRIT ISSUED; STAY LIFTED.
 

 WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . "The district court shall exercise exclusive jurisdiction to hold preliminary hearings in prosecutions for felonies.” § 15-11-2, Ala. Code 1975.
 

 [2]
 

 . The motion to quash was filed on October 28, 2008, and granted on October 29, 2008.
 

 [3]
 

 . A circuit judge has direct supervisory jurisdiction over a district judge. See 12 — 11— 30(4), Ala.Code 1975.
 

 [4]
 

 . Lankford's petition contains a "statement of circumstances” as to why this petition was not filed within the presumptively reasonable time period. He asserts that tins petition was filed beyond that time because, he says, he was not notified when the circuit court denied the mandamus petition. However, tire circuit court denied Lankford's mandamus petition on November 20, 2008, and this mandamus petition was filed in this Court on December 11, 2008. Thus, this petition was timely. It was filed within 42 days of the circuit court’s denial of the mandamus petition. See Rule 21(a), Ala. R.App. P. Moreover, even if it was untimely the statement of circumstances is sufficient to comply with the provisions of
 
 *845
 
 Rule 21(a), Ala. R.App. P. See
 
 Ex parte Sawyer,
 
 984 So.2d 1100 (Ala.2007).
 

 [5]
 

 . The Alabama Supreme Court, under § 6.11 of Amendment No. 328, Ala. Const. 1901 now § 150, Ala. Const. 1901 (off.recomp.) has the authority to promulgate rules of procedure.